**JUDGE FURMAN**

14 CV 3942

Debra L. Wabnik, Esq. (dw-0944)
Stagg, Terenzi Confusione & Wabnik, LLP
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4500
dwabnik@stcwlaw.com

*Attorneys for Plaintiffs*
*Amy Ingber, Berta Morales, Leeana Koznesoff,*
*Natalya Sokolson, Richard Sanjamino,*
*Scott Krefetz and Victor Vargas*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

AMY INGBER, BERTA MORALES, LEEANA
KOZNESOFF, NATALYA SOKOLSON,
RICHARD SANJAMINO, SCOTT KREFETZ
AND VICTOR VARGAS,

                     Plaintiffs,

    - against -

THE NEW YORK CITY DEPARTMENT
OF EDUCATION and CHANCELLOR CARMEN
FARINA,

                     Defendants.
-----------------------------------------------------------------X

Civil Docket No.:

**COMPLAINT AND**
**JURY DEMAND**

Plaintiffs Amy Ingber, Berta Morales, Leeana Koznesoff, Natalya Sokolson, Richard Sanjamino, Scott Krefetz, and Victor Vargas (collectively referred to as "Plaintiffs"), by and through their attorneys, Stagg, Terenzi, Confusione & Wabnik, LLP, as and for their complaint against defendants New York City Department of Education ("DOE") and Chancellor Carmen Farina ("Chancellor") (collectively referred to as "Defendants"), respectfully allege as follows:

## THE PARTIES

1. Plaintiff Amy Ingber resides at 5 Beltane Drive, Dix Hills, New York 11746.

2. Plaintiff Berta Morales resides at 143 East Main Street, Bergenfield, New Jersey 07621.

3. Plaintiff Leeana Koznesoff resides at 17-15 Yale Road, Merrick, New York 11566.

4. Plaintiff Natalya Sokolson resides at 161 Hickory Avenue, Staten Island, New York 10305.

5. Plaintiff Richard Sanjamino resides at 75-30 Juniper Boulevard South, Middle Village, New York 11379.

6. Plaintiff Scott Krefetz resides at 144-11 29th Road, Flushing, New York 11354.

7. Plaintiff Victor Vargas resides at 60 Dawson Avenue, Clifton, New Jersey 07012.

8. Plaintiffs are tenured teachers pursuant to the New York State Education Law and employed by the DOE.

9. Defendant DOE is the official body charged with responsibility for developing policies regarding the administration and operation of the public schools in the City of New York.

10. Defendant Carmen Farina is the Chancellor of the New York City School District (the "Chancellor") and is entrusted with specific powers and duties set forth in the Education Law. Dennis Walcott was the Chancellor's predecessor.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter in controversy pursuant to 28 U.S.C. § 1331, as this matter involves federal questions under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution. The Court also has jurisdiction

under 28 U.S.C. § 1343(a), in that claims are asserted under laws providing for the protection of civil rights. Plaintiffs also seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

12. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the state claims are so related to the federal claims that they form a part of the same case or controversy between Plaintiffs and Defendants.

13. Venue is proper under 28 U.S.C. § 1391(b).

14. If successful, Plaintiffs are entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and 20 U.S.C. § 1415.

## RELEVANT PROCEDURAL BACKGROUND

15. Pursuant to the Section 3020-a of the New York State Education Law ("Education Law"), to discharge a tenured teacher employed by the DOE, an administrator (such as the Chancellor) may initiate charges against that teacher, claiming misconduct or incompetency.

16. The employing board of the DOE ("Employing Board") must be immediately notified of the charges.

17. Pursuant to Education Law § 3020-a(2)(a), within five days after receiving the charges, the Employing Board, in an executive session, must determine by a vote of the majority of all the members whether probable cause exists to bring a disciplinary proceeding against the teacher.

18. If the Employing Board determines that probable cause exists, then the teacher must be served with the formal charges. If the Employing Board determines that probable cause does not exist, the charges are not served on the teacher, and the teacher may continue in the teacher's current position, as if the charges were never brought.

19. When the Employing Board does determine that probable cause exists and the teacher is served with the formal charges, that teacher has two options: (a) accept the charges and penalties levied, or (b) request a hearing before an arbitrator who will determine whether the charges filed against the teacher should be sustained, and if so, the penalty for any sustained charges.

## FACTUAL ALLEGATIONS

20. The principals of Plaintiffs' respective schools brought charges against each respective Plaintiff, requesting that each Plaintiff be discharged based on either misconduct or incompetency.

21. An attorney for the DOE oversaw the writing and service of each Plaintiff's charges.

22. The charges were purportedly brought pursuant to Section 3020-a of the Education Law.

23. The Notice of Determination of Probable Cause for each Plaintiff states:

> Please be advised that at a meeting in executive session on the above date the school district identified herein has found that there is probable cause for Education Law Section 3020-a charge(s) against you.

24. In each instance and in direct violation of the Education Law, the Employing Board (which in New York City is the Panel For Educational Policy ("PEP")) did not meet in executive session and did not vote to determine whether probable cause existed to bring a disciplinary proceeding against Plaintiffs. The date of the purported executive session is left blank.

25. Instead, the very principal who brought the charges against the respective Plaintiffs was also charged with the power to determine whether probable cause existed, and in each instance, the principal determined that probable cause existed.

26. This process adopted by Defendants --having the principal and the DOE's attorneys rather than the Employing Board determine whether probable cause exists -- directly violates the procedures set forth in the Education Law. Specifically, that process violates the statutory mandate as to who is required to determine whether probable cause exists (it is supposed to be the Employing Board, not the principal or attorneys working for the DOE) and how that determination is made (it is supposed to be by majority vote of all of the members of the Employing Board in executive session, not a decision made by one individual outside of any executive session).

27. This process also violates the due process rights of Plaintiffs.

28. As a result, Plaintiffs were all served with charges of misconduct and/or incompetency, which carried the penalty of discharge. Plaintiffs all elected to have a hearing on the charges.[1]

29. After receiving the charges, each Plaintiff was relieved of his or her current classroom duties, and directed to appear for work each day and sit in a room without any professional duties to complete while they wait for the hearing to be scheduled and conducted, and a determination to be made.

30. By having formal charges filed against them, being relieved of their classroom duties and relegated to sitting in a room without anything professional to do for several months, Plaintiffs are marked with a stigma.

---

[1] Plaintiff Richard Sanjamino's 3020-a hearing commenced on October 8, 2013 over Mr. Sanjamino's objection. The next hearing date is unknown at this time. Plaintiff Natalya Sokolson's hearing had closing arguments on May 20, 2014. The remaining Plaintiffs have not yet begun their hearings.

31. The other teachers, administrators, staff and students of the school know or will eventually learn that charges were filed against Plaintiffs, causing them to be ostracized and stigmatized.

32. By having formal charges filed against them, Plaintiffs either have to accept the charges and penalties, or be subjected to the hearing process, where they have to defend against the charges filed against them. Plaintiffs should not be subjected to such a penalty without having proper review and due process of the charges filed against them.

33. By being relieved of their classroom duties and having no professional responsibilities, Plaintiffs lose the chance to continue to develop and hone their professional skills--the craft of teaching.

34. In addition, salary bonuses, per session payments, pension and salary steps are frozen causing damages not only to reputation but to earning a livelihood.

35. Upon information and belief, after the charges were filed against Plaintiffs, the DOE placed a mark or "red flag" next to their names, commonly known as a "problem code," which prevent Plaintiffs from being able to successfully find another job as a teacher.

36. Upon information and belief, even if Plaintiffs succeed at a hearing and have the charges dismissed, the fact that such charges were filed against them will remain in their personnel file and will otherwise affect their ability to obtain employment as a teacher in the future.

37. Further, even if the charges are dismissed, Plaintiffs will not be restored to their previous positions, but rather will be placed into the DOE's substitute pool known as the Absent Teacher Reserve ("ATR"). Instead of reporting to the school at which they had been performing their teaching duties, they will be notified on a weekly basis as to which various schools to

Case 1:14-cv-03942-JMF   Document 1   Filed 06/03/14   Page 7 of 10

report. They will each lose any building seniority they have accrued and other rights and privileges.

## AS AND FOR PLAINTIFFS' FIRST CLAIM

### (Violations of the Fourth and Fourteenth Amendments' Due Process Clause of the United States Constitution and 42 U.S.C. § 1983)

38. Plaintiffs repeat and reiterate all allegations made in the preceding paragraphs as if set forth fully herein. Defendants' subjecting of Plaintiffs to the harm described above has caused them severe emotional distress and humiliation.

39. The Education Law directs that before Plaintiffs have to suffer the aforementioned harm and deprivation associated with having charges filed against them, they are to be afforded the due process of having the Employing Board determine by majority vote of all of the members during an executive session that probable cause for those charges exist.

40. The due process mandated by the Education Law is designed to prevent tenured teachers from having to be subjected to formal charges and the harm and deprivation associated with having charges filed against them when the filed charges are false or based on insufficient evidence, discriminatory reasons, petty personality conflicts, or any other insufficient or unsubstantiated reasons, as the Employing Board has the power and responsibility to review the charges and determine whether probable cause exists.

41. The DOE's actions of ignoring the due process mandate of the Education Law by having the principal both file the charges and determine whether probable cause for the charges exist, violates Plaintiffs' procedural due process rights afforded to them by the Fourth and Fourteenth Amendments of the United States Constitution.

42. As described above, the violation of Plaintiffs' due process rights damaged and continues to damage Plaintiffs.

43. Accordingly, Plaintiffs request judgment in favor of each one of them and against the DOE in a sum to be determined at trial, but not less than $1 million, together with such other and further relief as this Court deems just and proper.

44. In addition, Plaintiffs seek a declaratory judgment that the DOE's failure to comply with the provisions of Education Law § 3020-a is in violation of the due process clause of the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C § 1983.

### AS AND FOR PLAINTIFFS' SECOND CLAIM

#### (Violation of New York State Constitution, Article I, Section 6)

45. Plaintiffs repeat and reiterate all allegations made in the preceding paragraphs as if set forth fully herein.

46. The DOE's actions of violating the due process mandate of the Education Law by having the principal both file the charges and determine whether probable cause exists for the charges, violates Plaintiffs' procedural due process rights afforded to them under Article 1, Section 6 of the New York State Constitution.

47. Accordingly, Plaintiffs request judgment in favor of each of them and against the DOE in a sum to be determined at trial, but not less than $1 million, together with such other and further relief as this Court deems just and proper.

48. In addition, Plaintiffs seek a declaratory judgment that the DOE's failure to comply with the provisions of Education Law § 3020-a is in violation of the due process clause of Article 1, Section 6 of the New York State Constitution.

## AS AND FOR PLAINTIFFS' THIRD CLAIM

### (Declaratory Judgment, Preliminary and Permanent Injunction)

49. Plaintiffs repeat and reiterate all allegations made in the preceding paragraphs as if set forth fully herein.

50. Plaintiffs were not afforded the due process rights mandated by the Education Law when the DOE allowed the principal to both file the charges and determine that probable cause exists for those charges.

51. Plaintiffs should not have been removed from their classrooms, and should not be subjected to a hearing and the related processes of having charges served against them without affording Plaintiffs the pre-deprivation due process rights mandated by the Education Law and required by the Fourth and Fourteenth Amendments of the United States Constitution and New York State Constitution.

52. Plaintiffs have no adequate remedy at law. Unless the DOE is compelled to return Plaintiffs to their classrooms, and is preliminarily and permanently restrained from proceeding with the 3020-a hearings, Plaintiffs will continue to suffer immediate and irreparable harm from the conduct of which they complain.

53. The harm caused by forcing Plaintiffs to be subjected to a hearing for charges that may have been dismissed through the proper application of Plaintiffs' due process rights cannot be fully remedied by a monetary award. Plaintiffs must not be forced to go through the hearing process unnecessarily, as the process is a punishment, in and of itself.

54. Based on the foregoing, Plaintiffs respectfully request an order declaring that they be returned to their classrooms, and preliminarily and permanently enjoining Plaintiffs' 3020-a hearings because of the DOE's violation of Plaintiffs' due process rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that they be awarded judgment:

(1) on the first claim in an amount to be awarded at trial, but not less than $1 million per Plaintiff, together with any such other or different relief as this Court deems just and proper;

(2) on the second claim in an amount to be awarded at trial, but not less than $1 million per Plaintiff, together with any such other or different relief as this Court deems just and proper;

(3) on the third claim to permanently enjoin the DOE from conducting hearings on the charges filed against Plaintiffs, together with any such other or different relief as this Court deems just and proper; and

(4) for attorneys' fees and costs incurred in this matter.

Dated: Garden City, New York
       June 2, 2014

Respectfully submitted,

Stagg, Terenzi, Confusione & Wabnik, LLP

By: *[signature]*
Debra L. Wabnik (dw-0944)
*Attorneys for Plaintiffs*
*Amy Ingber, Berta Morales, Leeana Koznesoff, Natalya Sokolson, Richard Sanjamino, Scott Krefetz and Victor Vargas*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4500