UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMY INGBER, BERTA MORALES, LEEANA
KOZNESOFF, NATALYA SOKOLSON, RICHARD
SANJAMINO, SCOTT KREFETZ and VICTOR
VARGAS,

                                        Plaintiffs,

               -against-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION and CHANCELLOR CARMEN
FARINA,

                                        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### *ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street, Room 2-188*
*New York, N.Y.  10007*

*Of Counsel:  Jay Y. Kim*
*Tel:  (212) 356-2458*
*Matter No.  2014-021540*

Jane E. Andersen,
Jay Y. Kim,
   Of Counsel.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ...................................................................... 2

ARGUMENT ....................................................................................... 4

      POINT I ...................................................................................... 4

      THE COMPLAINT FAILS TO STATE A CLAIM
      UPON WHICH RELIEF MAY BE GRANTED ....................................... 4

      A.     SECTION 3020-A CHARGES WERE
             PROPERLY PREFERRED AGAINST
             PLAINTIFFS PURSUANT TO STATE
             LAW ............................................................................. 4

      B.     PLAINTIFFS CANNOT DEMONSTRATE
             A VIOLATION OF PROCEDURAL DUE
             PROCESS UNDER THE FOURTEENTH
             AMENDMENT ................................................................. 9

             1.    Plaintiffs Have Not Been Deprived of
                   a Property Interest ................................................. 9

             2.    Plaintiffs Have Not Been Deprived of
                   a Liberty Interest ................................................. 11

             3.    Plaintiffs Have Not Been Deprived of
                   Process Due ........................................................ 12

             4.    Plaintiffs Have an Adequate Post-
                   Deprivation Remedy Pursuant to
                   Article 75 of the New York Civil
                   Practice Law and Rules ........................................ 14

CONCLUSION ................................................................................. 15

## TABLE OF AUTHORITIES

<u>**CASES**</u>

Abramson v. Pataki, 278 F.3d 93 (2d Cir. 2002) .......................................................................... 15

Adams v. New York State Education Dept., 752 F.Supp.2d 420 (S.D.N.Y. 2010), report
& rec. adopted, 752 F.Supp.3d 420 (S.D.N.Y. 2010) ............................................................ 9, 12

Adduci v. Albion, No. 90 Civ 1323E, 1991 U.S. Dist. LEXIS 13112 (W.D.N.Y. Sept.18,
1991) ........................................................................................................................................ 10

Arredondo v. County of Nassau, 2012 U.S. Dist. LEXIS 36156 (E.D.N.Y. Mar. 16,
2012) ........................................................................................................................................ 18

Bd. of Regents v. Roth, 408 U.S. 564 (1972) .............................................................................. 10

Boland v. Police Dep't of the City Of New York, No. 06-15312, 2007 U.S. Dist. LEXIS
88444 (S.D.N.Y. Nov. 29, 2007) ............................................................................................. 13

Boss v. Kelly, 306 Fed. Appx. 649 (2d Cir. 2009) ...................................................................... 14

Brass v. American Film Technologies, Inc., 987 F.2d 142 (2d Cir. 1993) .................................... 2

Caniello v. City of New York, No. 00-3009, 2001 U.S. Dist. LEXIS 20 (S.D.N.Y. Jan. 3,
2001) ........................................................................................................................................ 13

Cassidy v. Scoppetta, 365 F.Supp.2d 283 (E.D.N.Y. 2005) ........................................................ 12

Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002) ...................................................... 2

Chase Group Alliance LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146 (2d Cir. N.Y.
2010) ........................................................................................................................................ 18

Ciambriello v. County of Nassau, 292 F.3d 307 (2d Cir. 2002) .................................................. 11

Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532 .......................................................................... 7

Cozzi v. Great Neck Union Free Sch. Dist., 2009 U.S. Dist. LEXIS 74305 (E.D.N.Y.
Aug. 21, 2009) ......................................................................................................................... 16

Crippen v. Town of Hempstead, 2013 U.S. Dist. LEXIS 75096 (E.D.N.Y. May 22,
2013) ........................................................................................................................................ 19

DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104 (2d Cir. 2010) .................................................... 2

Donato v. Plainview-Old Bethpage Cent. School Dist., 96 F.3d 623 (2d Cir. 1996)................... 14

Ezekwo v. N.Y. City Health & Hosp. Corp., 940 F.2d 775 (2d Cir. 1991), cert. denied,
    502 U.S. 1013 (1991)............................................................................................. 12, 13

G.D.S. v. Northport-East Northport Union Free School District, et al., 915 F.Supp.2d
    268 (E.D.N.Y. 2012)................................................................................................... 10

Green v. Bauvi, 46 F.3d 189 (2d Cir. 1995) ................................................................. 11

Guida v. Police Dep't, No. 96-0355, 1997 U.S. Dist LEXIS 7053 (S.D.N.Y. May 20,
    1997) ........................................................................................................................... 13

Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877 (2d Cir.
    1996) ........................................................................................................................... 17

Jacobs v. Mostow, 271 Fed. Appx. 85 (2d Cir. 2008) .................................................. 16

Krug v. County of Rennselaer, et al., 559 F.Supp.2d 223 (N.D.N.Y. 2008) ............... 11

Lackow v. Department of Educ. of the City of New York, 51 A.D.3d 563 (1st Dept
    2008) ........................................................................................................................... 19

Liberty Cable Co., Inc. v. City of New York, 60 F.3d 961 (2d Cir. 1995)................... 17

Martz v. Inc. Vill. of Valley Stream, 22 F.3d 26 (2d Cir. 1994) ................................. 15

Matter of Dunn v. New York City Department of Education, 32 Misc.3d 1230(A) (Sup.
    Ct., N.Y. County 2011)............................................................................................... 10

Matter of Haas v. The New York City Board/Department of Education, 35 Misc.3d
    1207(A) (Sup. Ct., N.Y. County 2012).......................................................................... 9

Matter of Liu v. The New York City Board/Department of Education, 2012 NY Slip Op
    30008(U) (Sup. Ct., N.Y. County Jan. 4, 2012) (affirmed Matter of Liu v. New York
    City Board/Department of Education, 107 A.D.3d 464 (1st Dept 2013)) ................. 9

Matter of Luft v. The New York City Board/Department of Education, 2011 NY Slip Op
    32268(U) (Sup. Ct., N.Y. County Aug. 18, 2011)...................................................... 10

Matter of Soleyn v. New York City Department of Education, 33 Misc.3d 1211(A) (Sup.
    Ct., N.Y. County 2011)............................................................................................... 10

Menchin v. New York City Department of Education, et al., 32 Misc.3d 1216(A) (Sup.
    Ct., N.Y. County 2011)...................................................................................... 8, 10, 17

Montefusco v. Nassau County, 39 F.Supp.2d 231 (E.D.N.Y. 1999)........................................... 19

Neu v. Corcoran, 869 F.2d 662 (2d Cir. 1989), cert. denied, 493 U.S. 816 (1989)..................... 15

O'Connor v. Pierson, 426 F.3d 187 (2d Cir. 2005) ..................................................... 13

Patterson v. City of Utica, 370 F.3d 322 (2d Cir. 2004)............................................... 15

Perez v. City of New York, No. 97-4162, 1997 U.S. Dist. LEXIS 19093 (S.D.N.Y. Dec. 2, 1997) ................................................................................................ 13

Pina-Pena v. New York City Department of Education, 2014 NY Slip Op 30893(U) (Sup. Ct., N.Y. County Apr. 9, 2014) ................................................................. 7, 8, 9

Ramberran v. Dellacona, No. 07-304, 2008 U.S. Dist LEXIS 25476 (E.D.N.Y. Mar. 31, 2008) .................................................................................................... 12

Rivera-Powell v. New York City Bd. of Elections, 470 F.3d 458 (2d Cir. 2006)........................ 18

Roemer v. Bd. of Educ., 2002 U.S. Dist. LEXIS 27118 (E.D.N.Y. Dec. 30, 2002) ..................... 16

Segal v. City of New York, 459 F.3d 207 (2d Cir. 2006)............................................... 15

Velez v. Levy, 401 F.3d 75 (2d Cir. 2005) ............................................................ 14

## STATUTES

42 U.S.C. § 1983............................................................................... passim

New York Education Law § 2590-f........................................................................ 5, 6

New York Education Law § 2590-f (1)(b) ................................................................. 5

New York Education Law § 2590-h ................................................................ 4, 5, 6, 8

New York Education Law § 2590-h (38) .................................................................. 5

New York Education Law § 2590-h (38-a) ................................................................ 5

New York Education Law § 3020-a ................................................................. passim

New York Education Law § 3020-a (1)................................................................... 17

New York Education Law § 3020-a (3)(a) ............................................................... 17

New York Education Law § 3020-a (3)(c)(i)(C) ......................................................... 17

New York Education Law § 3020-a (5)(a) ................................................................. 18

N.Y. Const. Article I, § 6 ................................................................................ 1, 4, 10

U.S. Const. XIV Amend. ........................................................................... passim

U.S. Const IV Amend. ..................................................................................... 1, 4, 10

## **RULES**

Fed R. Civ..P 12 (b) (6)................................................................................. 1, 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

AMY INGBER, BERTA MORALES, LEEANA
KOZNESOFF, NATALYA SOKOLSON, RICHARD
SANJAMINO, SCOTT KREFETZ and VICTOR
VARGAS,

                            14 Civ. 3942 (JMF) (DF)

                          Plaintiffs,

           -against-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION and CHANCELLOR CARMEN FARINA,

                          Defendants.

------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

      Plaintiffs Amy Ingber, Berta Morales, Leeana Koznesoff, Natalya Sokolson, Richard Sanjamino, Scott Krefext and Victor Vargas, teachers employed by defendant The New York City Department of Education ("DOE"), bring this action alleging violations of their procedural due process rights under the Fourth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983, and under Article I, § 6 of the New York State Constitution. Specifically, Plaintiffs contend that their due process rights were violated when they were served with disciplinary charges pursuant to New York Education Law § 3020-a, alleging that the charges were improper because there was no probable cause vote on the disciplinary charges by an Employing Board.

      Defendants DOE and Chancellor Carmen Farina ("Chancellor Farina") (collectively "DOE Defendants") now move this Court, pursuant to Rule 12 (b) (6) of the Federal

Rules of Civil Procedure ("FRCP"), to dismiss the Complaint in its entirety as it fails to state a claim upon which relief may be granted. As set forth herein, pursuant to state law, the DOE Chancellor has been vested with the authority of the employing board, and the right to prefer disciplinary charges has been properly delegated to the DOE's superintendents and principals. Thus, contrary to Plaintiffs' contentions, no vote by an employing board was necessary. Moreover, Plaintiffs' allegations that they have been deprived of due process while their disciplinary charges are pending are without merit.

## STATEMENT OF FACTS[1]

Plaintiffs, who are tenured teachers employed by the DOE, were each served with disciplinary charges pursuant to New York Education Law § 3020-a ("§ 3020-a"), seeking their termination "based on either misconduct or incompetency." See Complaint at ¶¶ 15, 20, 22. The § 3020-a charges were served without a probable cause vote by an "employing board." See Complaint at ¶¶ 17-25. Instead, the principals who preferred the charges against Plaintiffs also determined the existence of probable cause. See id. at ¶ 25.

Plaintiffs maintain that the process adopted by the DOE Defendants, namely, "having the principal and the DOE's attorney rather than the Employing Board determine

---

[1] For purposes of this Motion to Dismiss only, the material factual allegations set forth in the Complaint are assumed true and will form the basis for the statement of facts herein. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (in reviewing a motion to dismiss pursuant to Rule 12 (b) (6), a court may consider: (1) the facts alleged in the complaint, (2) documents attached to the complaint as exhibits, (3) documents incorporated by reference in the complaint, and (4) documents where "the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint") (citation omitted); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (in reviewing a motion to dismiss a complaint, "a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference, … matters of which judicial notice may be taken, or … documents in either plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit'") (citing Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993)).

whether probable cause exists," violates the procedures set forth in § 3020-a, <u>see</u> <u>id.</u> at ¶ 26, and, consequently, Plaintiffs' procedural due process rights. <u>See</u> <u>id.</u> at ¶ 27.

As a result of having disciplinary charges preferred against them, Plaintiffs contend that they have been relieved of their current classroom duties and directed to report daily to a room where they simply await the scheduling of the § 3020-a hearing.[2] <u>See</u> <u>id.</u> at ¶ 29. Plaintiffs assert that this process causes them "to be ostracized and stigmatized," deprives them of the opportunity to continue developing their pedagogical instruction, and divests them of "salary bonuses, per session payments, pension" and other damages to their livelihood. <u>See</u> <u>id.</u> at ¶¶ 31-34. Moreover, Plaintiffs claim that, as a result of the disciplinary charges, they are marked with a "red flag" that inhibits their opportunities of finding new employment as teachers. <u>See</u> <u>id.</u> at ¶ 35. Finally, Plaintiffs contend that, upon information and belief, even if they successfully have the disciplinary charges dismissed, they are precluded from returning to their previous positions, and are, instead, assigned to the Absent Teacher Reserve where they would receive weekly assignments from various schools. <u>See</u> <u>id.</u> at ¶ 37.

Plaintiffs commenced this action pursuant to 42 U.S.C. § 1983 by filing a Complaint on or about June 3, 2014, alleging violations of the Fourth and Fourteenth Amendments of the United States Constitution, and Article I, § 6 of the New York State Constitution. <u>See</u> <u>generally</u> Complaint.

---

[2] Plaintiff Richard Sanjamino's § 3020-a hearing commenced on October 8, 2013, and Plaintiff Natalya Sokolson's hearing concluded on May 20, 2014. The remaining Plaintiffs have not yet begun their hearings. <u>See</u> Complaint at n. 1.

<u>**ARGUMENT**</u>

**POINT I**

**THE COMPLAINT FAILS TO STATE A
CLAIM UPON WHICH RELIEF MAY BE
GRANTED**

**A.    Section 3020-a Charges Were Properly Preferred Against Plaintiffs Pursuant to
State Law**

Plaintiffs claim that their procedural due process rights were violated, alleging

that the DOE failed to comply with § 3020-a (2) (a) which provides, in pertinent part, that

"[w]ithin five days after receipt of charges, the employing board, in executive session, shall

determine, by a vote of a majority of all the members of such board, whether probable cause

exists to bring a disciplinary proceeding against an employee pursuant to this section."  Plaintiffs

contend that the DOE Defendants' procedures violate the plain language of § 3020-a (2) (a)

because there is no employing board that votes in executive session to determine whether

probable cause exists to pursue a disciplinary hearing.

However, while § 3020-a (2) (a) provides for a probable cause vote by an

employing board,  New York Education Law § 2590-h ("§ 2590-h"), which governs the powers

and duties of the DOE Chancellor, expressly vests in the DOE Chancellor "<u>all of the duties and

responsibilities of the employing board</u> as set forth in section three thousand twenty-a of this

chapter." New York Education Law § 2590-h (38) (emphasis added).  § 2590-h (38-a) further

specifies that the DOE Chancellor is also permitted to "exercise all of the duties and

responsibilities of the employing board as set forth in section three thousand twenty-a of this

chapter <u>with respect to any member of the teaching or supervisory staff of schools</u>." (emphasis

added).  And § 2590-h (38) grants the Chancellor with the power and duty:

> "To exercise all of the duties and responsibilities of
> the employing board as set forth in section three

> thousand twenty-a of this chapter with respect to
> any member of the teaching or supervisory staff of
> schools under the jurisdiction of the community
> district education councils. The chancellor shall
> exercise all such duties and responsibilities for all
> community districts <u>or may delegate the exercise of
> all such duties and responsibilities to all of the
> community superintendents of the city district</u>."

New York Education Law § 2590-h (38) (emphasis added).[3]  In turn, pursuant to New York

Education Law § 2590-f (1) (b), the superintendents of the respective community school districts

may also delegate duties and responsibilities conferred upon them to subordinate employees

within their school district.

　　　　Here, the Chancellor's authority to resolve disciplinary charges against teachers

has been properly delegated to the DOE's superintendents and principals.  <u>See</u> Exhibits "B" and

"C," annexed to the Declaration of Jay Y. Kim in Support of Defendants' Motion to Dismiss

("Kim Decl.").  In these memoranda, then-Chancellor Dennis Walcott ("Chancellor Walcott")

directly delegated to the principals of high schools, and the superintendents of the respective

community school districts, the ability to both "[i]nitiate and resolve disciplinary charges against

teaching and supervisory staff members in your schools who have completed probation, and

recommend suspension of such employees to the Chancellor."  <u>See</u> Exhibits "B" and "C."  In

turn, the DOE Community Superintendents have properly delegated the ability to initiate and

resolve disciplinary charges to the principals of School Districts 2, 9, 21, 27 and 28 – the school

districts where Plaintiffs are employed.  <u>See</u> Exhibit "D" annexed to the Kim Decl.  Thus, as

permitted by New York Education Law §§ 2590-h and 2590-f, it is plainly evident that the duties

---

[3] The DOE Chancellor's authority to delegate her duties and responsibilities, including the duties
and responsibilities of the employing board, are even more broadly codified in New York
Education Law § 2590-h (19), which provides that the Chancellor may "[d]elegate any of his or
her powers and duties to such subordinate officers or employees as he or she deems appropriate
and to modify or rescind any power and duty so delegated."

of preferring disciplinary charges against DOE tenured teachers and finding probable cause, are appropriately vested in school principals pursuant to the delegation authority conferred upon the DOE Chancellor and DOE Superintendents through the New York Education Law.

Accordingly, the New York Education Law expressly permits the DOE Chancellor to both assume the full duties and responsibilities of the employing board, including the responsibility of determining the existence of probable cause for disciplinary charges, and to delegate that power to "such subordinate officers or employees as he or she deems appropriate." New York Education Law § 2590-h (19). Thus, notwithstanding the employing board vote requirement set forth in § 3020-a (2) (a), §§ 2590-h and 2590-f exempt the DOE Defendants from that procedure in light of the vestment of the employing board's duties in the DOE Chancellor, and her broad ability to delegate such powers to the superintendents and principals of school districts.

Finally, this delegation authority is clearly constitutional and more than satisfies Plaintiffs' due process rights. The United States Supreme Court has previously held that:

> "The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. <u>The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence and an opportunity to present his side of the story</u>. To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee."

<u>Cleveland Bd. of Ed. v. Loudermill</u>, 470 U.S. 532, 545 (1985) (emphasis added). Here, Plaintiffs' acknowledge the fact that they have received notice of the charges, and have or will have, an opportunity to challenge the disciplinary charges before a neutral hearing officer

pursuant to § 3020-a.  Notably, New York State courts have uniformly concluded that the DOE Defendants' procedures comport with procedural due process, and have consistently rejected the arguments set forth in this Complaint.  Most recently, in <u>Pina-Pena v. New York City Department of Education</u>, 2014 NY Slip Op 30893(U) (Sup. Ct., N.Y. County Apr. 9, 2014), the court rejected an identical argument posed by the petitioner-teacher that his due process rights were violated because there had been no probable cause vote on disciplinary charges by an employing board of the DOE.  <u>See</u> <u>id.</u> at 5.  Citing the provisions of the New York Education Law discussed above, the Court concluded that the probable cause vote procedure "is not applicable to the City School District of New York pursuant to Education Law § 2590-h," <u>Id.</u>, and, therefore, "petitioner's argument that the charges against him were made without due process fails." <u>Id.</u>  at 5-6.  Indeed, the courts of New York state have recognized that the authority conferred upon the DOE Chancellor pursuant to New York Education Law § 2590-h to delegate the duties and responsibilities of the employing board are "very broad, and has no such limits in its text." <u>Menchin v. New York City Department of Education, et al.</u>, 32 Misc.3d 1216(A) at *5 (Sup. Ct., N.Y. County 2011).  Indeed, the <u>Menchin</u> Court rejected the petitioner's arguments that the DOE Chancellor's assumption of the duties of an employing board, and authority to delegate such responsibilities, are constrained.  The <u>Menchin</u> Court concluded that

> "[T]he Chancellor him- or herself has the power of the employing board – the entity charged in Section 3020-a with the power to vote as to whether there is probable cause for the charges – and, having the power of the employing board, the Chancellor may delegate it pursuant to Section [2590-h] 19, as he or she sees fit."

<u>Id.</u> at 5-6.  Accordingly, New York State courts have soundly rejected the arguments set forth in the Complaint that the absence of a probable cause vote by an employing board violates the New

York Education Law, and, consequently, the procedural due process rights of subject teachers. See Adams v. New York State Education Dept., 752 F.Supp.2d 420, 456-457 (S.D.N.Y. 2010) (rejecting plaintiffs' claim that a failure to vote on the disciplinary charges against them violated their due process rights, and concluding that the "alleged deprivations do not affect whether a tenured teacher received 'oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story,' as due process requires"), report & rec. adopted, 752 F.Supp.3d 420 (S.D.N.Y. 2010); Pina-Pena, 2014 NY Slip Op 30893 (U); Matter of Liu v. The New York City Board/Department of Education, 2012 NY Slip Op 30008(U) (Sup. Ct., N.Y. County Jan. 4, 2012) (affirmed Matter of Liu v. New York City Board/Department of Education, 107 A.D.3d 464 (1st Dept 2013)); Matter of Haas v. The New York City Board/Department of Education, 35 Misc.3d 1207(A) (Sup. Ct., N.Y. County 2012); Matter of Soleyn v. New York City Department of Education, 33 Misc.3d 1211(A) (Sup. Ct., N.Y. County 2011); Menchin, 32 Misc.3d 1216(A); Matter of Luft v. The New York City Board/Department of Education, 2011 NY Slip Op 32268(U) (Sup. Ct., N.Y. County Aug. 18, 2011); Matter of Dunn v. New York City Department of Education, 32 Misc.3d 1230(A) (Sup. Ct., N.Y. County 2011).

Accordingly, Plaintiffs cannot plausibly allege that their procedural due process rights under the Fourteenth Amendment were violated.[4] [5]

---

[4] Plaintiffs fail to plausibly allege a procedural due process claim under the Fourth Amendment, which solely pertains to governmental search and seizure. Indeed, "[i]n order to state a claim under the Fourth Amendment, a plaintiff must allege that the defendants have conducted an unreasonable search or seizure." Adduci v. Albion, No. 90 Civ 1323E, 1991 U.S. Dist. LEXIS 13112 (W.D.N.Y. Sept.18, 1991). Plaintiffs do not, and cannot, allege a search and seizure within the context of this Complaint. Moreover, it is well established that "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and interest." Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972) (emphasis added). Accordingly, Plaintiffs' Fourth Amendment claim must be dismissed.

**B.    Plaintiffs Cannot Demonstrate a Violation of Procedural Due Process Under the Fourteenth Amendment**

It is well established that "[t]he two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before the plaintiff could be deprived of that interest." Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995); see also Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002).

**1.    Plaintiffs Have Not Been Deprived of a Property Interest**

To the extent Plaintiffs allege that their property interests have been harmed because they have been denied collateral benefits such as salary bonuses or per session payments, or transferred to reassignment centers, Plaintiffs fail to demonstrate the deprivation of a property interest. See Complaint at ¶¶ 29-30, 33-34.

It is well established that a plaintiff who continues to receive his or her salary cannot maintain a claim for deprivation of property without due process. See Ramberran v. Dellacona, No. 07-304, 2008 U.S. Dist LEXIS 25476, at *1-2, 4 (E.D.N.Y. Mar. 31, 2008) ("An

---

[5] Plaintiffs' procedural due process claim under Article I, § 6 of the New York State Constitution must be dismissed. "[V]arious federal courts in this circuit have held that there is no private right of action under the New York State Constitution where, as here, remedies are available under § 1983." G.D.S. v. Northport-East Northport Union Free School District, et al., 915 F.Supp.2d 268, 280 (E.D.N.Y. 2012). Accordingly, where a plaintiff's state constitutional "claims are based upon the same factual allegations as set forth with regard to their Section 1983 claims," courts have dismissed the state constitutional claims on the ground that "[b]ecause all state constitutional law claims are also asserted as Section 1983 claims, all such claims are dismissed." Krug v. County of Rennselaer, et al., 559 F.Supp.2d 223 (N.D.N.Y. 2008). Here, Plaintiffs' state constitutional law claim is predicated on the same factual allegations as their section 1983 claim, namely, that the DOE Defendants' purported failure to have a probable cause vote by an employing board violated New York Education Law § 3020-a and their procedural due process rights. Accordingly, Plaintiffs' state constitutional law claim is subsumed in their section 1983 claim, and must be dismissed. See Krug, 559 F.Supp.2d at 247-248.

employee who continues to be paid by his employer cannot sustain a claim for deprivation of property without due process.").  Here, Plaintiffs do not allege that they have been deprived of their salaries while they await their § 3020-a hearings, and, as such, have not suffered a violation of due process.  Insofar as they allege that they have been denied benefits such as "salary bonuses" or "per session payments," Plaintiffs again fail to set forth a viable claim for deprivation of a property interest.  Although Plaintiffs have a property interest in their employment, "not every contractual benefit rises to the level of a constitutionally protected property interest."  Ezekwo v. N.Y. City Health & Hosp. Corp., 940 F.2d 775, 782 (2d Cir. 1991), cert. denied, 502 U.S. 1013 (1991).  Accordingly, the Adams Court rejected an identical argument that teachers had a constitutionally protected interest in per session pay, finding it akin to overtime pay.  See Adams, 752 F.Supp.2d at 454 (quoting Cassidy v. Scoppetta, 365 F.Supp.2d 283, 287 (E.D.N.Y. 2005) ("Every court in this circuit that has considered the issue of whether there exists a constitutionally protected property interest in overtime pay has answered in the negative.")).

Further, it is axiomatic that plaintiffs do not have a constitutionally protected right to specific duties in a specific location.  See O'Connor v. Pierson, 426 F.3d 187, 199 (2d Cir. 2005) ("[N]o court has ever held that an employee on fully paid leave has been deprived of a property right merely by virtue of being relieved of his job duties."); see also Ezekwo v. New York City Health & Hosp. Corp., 940 F.2d 775, 783 (2d Cir. 1991); Boland v. Police Dep't of the City Of New York, No. 06-15312, 2007 U.S. Dist. LEXIS 88444, at *5 (S.D.N.Y. Nov. 29, 2007); Caniello v. City of New York, No. 00-3009, 2001 U.S. Dist. LEXIS 20, at *1 (S.D.N.Y. Jan. 3, 2001); Guida v. Police Dep't, No. 96-0355, 1997 U.S. Dist LEXIS 7053, at *3-7 (S.D.N.Y. May 20, 1997); Perez v. City of New York, No. 97-4162, 1997 U.S. Dist. LEXIS

19093, at *4 (S.D.N.Y. Dec. 2, 1997). Indeed, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577. As Plaintiffs continue to receive their salaries pending the commencement of their § 3020-a hearings, a transfer to a reassignment center or mere alteration of duties and responsibilities does not rise to the deprivation of a property interest. Thus, Plaintiffs' due process claims must be dismissed as Plaintiffs had no property interest in their assignments or other collateral benefits such as salary bonuses or per session pay.

## 2. Plaintiffs Have Not Been Deprived of a Liberty Interest

To the extent Plaintiffs allege a deprivation of a liberty interest, Plaintiffs' procedural due process claim is not plausible. To state such a claim a plaintiff must allege a "stigma," which is

> "[T]he utterance of a statement about [him or her] that is injurious to [his or her] reputation, that is capable of being proved false, and that he [or she] . . . claims is false," and a "plus," which is "some tangible and material state-imposed burden in addition to the stigmatizing statement . . . "[T]he 'plus' imposed by the defendant must be a specific and adverse action clearly restricting the plaintiff's liberty - for example, the loss of employment, or the termination or alteration of some other legal right or status."

Boss v. Kelly, 306 Fed. Appx. 649, 651 (2d Cir. 2009) (quoting Velez v. Levy, 401 F.3d 75, 87 (2d Cir. 2005) (internal quotation marks and alterations omitted)). In asserting a § 1983 liberty interest claim, a plaintiff must also demonstrate that the alleged defamatory statement was sufficiently public to create or threaten a stigma. See Donato v. Plainview-Old Bethpage Cent. School Dist., 96 F.3d 623, 631-632 (2d Cir. 1996).

Here, Plaintiffs fail to plead any facts alleging the publication by the DOE Defendants of an arguably false statement injurious to their reputations, or a specific adverse action taken contemporaneously with a stigmatizing publication. Although Plaintiffs generally allege that they have been "marked with a stigma" because "charges were filed against Plaintiffs, causing them to be ostracized and stigmatized," Complaint at ¶ 30-31, they fail to allege with adequate plausibility the content of these charges, or that these allegedly stigmatizing charges were made public. See Segal v. City of New York, 459 F.3d 207, 212 (2d Cir. 2006) (citing Patterson v. City of Utica, 370 F.3d 322, 330 (2d Cir. 2004) (citing Abramson v. Pataki, 278 F.3d 93, 101-02 (2d Cir. 2002))). Plaintiffs claim that a "red flag" or "problem code" is assigned to their personnel files as a result of the preferred disciplinary charges, but they again fail to plead that these alleged internal designations are publicized. See Complaint at ¶ 35.

Significantly, Plaintiffs have also failed to plead that these allegedly stigmatizing charges occurred in conjunction with the impairment of a legal right or status, such as termination from employment. See Martz v. Inc. Vill. of Valley Stream, 22 F.3d 26, 32 (2d Cir. 1994) ("'defamation . . . is not a deprivation of a liberty interest unless it occurs in the course of dismissal or refusal to rehire the individual as a government employee or during termination or alteration of some other legal right or status'") (quoting Neu v. Corcoran, 869 F.2d 662, 667 (2d Cir. 1989), cert. denied, 493 U.S. 816 (1989)).

Accordingly, Plaintiffs have failed to demonstrate the deprivation of a liberty interest in the context of a Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983.

### 3. Plaintiffs Have Not Been Deprived of Process Due

Even assuming, arguendo, that Plaintiffs can demonstrate a liberty or property interest, they cannot plausibly allege that they were deprived of their procedural due process

rights because New York Education Law § 3020-a exceeds the minimal constitutional requirements mandated by the Due Process Clauses of the federal and state constitutions.

It is well established that the procedures outlined in New York Education Law § 3020-a have been found to comport with due process. Jacobs v. Mostow, 271 Fed. Appx. 85, 89 (2d Cir. 2008); Cozzi v. Great Neck Union Free Sch. Dist., 2009 U.S. Dist. LEXIS 74305 (E.D.N.Y. Aug. 21, 2009); Roemer v. Bd. of Educ., 2002 U.S. Dist. LEXIS 27118 at *28 (E.D.N.Y. Dec. 30, 2002) ("Education Law § 3020-a provides even more procedural protections than due process requires."), report & rec. adopted, 290 F.Supp.2d 329 (E.D.N.Y. 2003). Indeed, the prescriptions of § 3020-a have been found to "afford[] procedural protections to tenured teachers, in that a tenured teacher cannot be discharged from employment without proper cause, notice, and a hearing. The purpose of the statute is to protect teachers from the arbitrary imposition of formal discipline or removal." Menchin, 32 Misc.3d 1216(A) at *2; see also New York Education Law §§ 3020-a (1), (3)(a), (3)(c)(i)(C); Liberty Cable Co., Inc. v. City of New York, 60 F.3d 961, 964 (2d Cir. 1995) ("[a] party's due process rights are not violated when [he or she] may participate fully in an administrative agency proceeding and later seek state-court review"), cert. denied, 516 U.S. 1171 (1996); Matter of Liu, 2012 NY Slip Op 30008(U) at *7 ("To the extent that petitioner argues that her due process rights were violated, she has not alleged facts sufficient to withstand the motion to dismiss. Petitioner was represented by counsel during the entire hearing process. She was duly and timely noticed of the specifications against her. She was provided with, and took advantage of, all opportunities to present witnesses and evidence.").

## 4. Plaintiffs Have an Adequate Post-Deprivation Remedy Pursuant to Article 75 of the New York Civil Practice Law and Rules

Finally, Plaintiffs' procedural due process claims must also fail because it is well settled that "there *is no* constitutional violation (and no available *§ 1983* action) when there is an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property or liberty." Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 882 (2d Cir. 1996); see also Chase Group Alliance LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 153 (2d Cir. N.Y. 2010) ("So long as state appellate remedies are available, a Section 1983 action is not an available vehicle for relief … '[w]hen § 1983 claims allege procedural due process violations, we nonetheless evaluate whether state remedies exist because that inquiry goes to whether a constitutional violation has occurred at all.'") (citing Rivera-Powell v. New York City Bd. of Elections, 470 F.3d 458, 468 (2d Cir. 2006)). Post-deprivation remedies "under Article 75 and Article 78 are more than adequate post-deprivation remedies for purposes of due process under the circumstances as alleged. Thus, any due process claim by plaintiff must fail as a matter of law." Arredondo v. County of Nassau, 2012 U.S. Dist. LEXIS 36156 at *36 (E.D.N.Y. Mar. 16, 2012) (emphasis added).

Here, Plaintiffs clearly have adequate post-deprivation remedies to address all procedural due process allegations through Article 75 of the New York Civil Practice Law and Rules in the event of an unfavorable hearing decision. New York Education Law § 3020-a (5) (a) provides that "[n]ot later than ten days after receipt of the hearing officer's decision, the employee or the employing board may make an application to the New York state supreme court to vacate or modify the decision of the hearing officer pursuant to section seventy-five hundred eleven of the civil practice law and rules." As such, insofar as § 3020-a (5) (a) expressly provides Plaintiffs a vehicle by which they can contest any unfavorable hearing determinations,

they are afforded a sufficient post-deprivation remedy to address any alleged errors, including any claims pertaining to procedural due process. See <u>Montefusco v. Nassau County</u>, 39 F.Supp.2d 231, 239-240 (E.D.N.Y. 1999) (holding that the procedural rights set forth in New York Education Law § 3020-a are more than adequate to satisfy a party's procedural due process rights); <u>Lackow v. Department of Educ. of the City of New York</u>, 51 A.D.3d 563, 567 (1st Dept 2008) ("Education Law § 3020-a (5) provides that judicial review of a hearing officer's findings must be conducted pursuant to CPLR 7511. Under such review an award may only be vacated on a showing of 'misconduct, bias, excess of power or procedural defects.'").

Accordingly, because the New York Education Law provides Plaintiffs a sufficient post-deprivation remedy in the form of a CPLR Article 75 special proceeding to challenge any alleged errors or harms, Plaintiffs cannot plausibly set forth a procedural due process claim. See e.g., <u>Crippen v. Town of Hempstead</u>, 2013 U.S. Dist. LEXIS 75096 at *5 (E.D.N.Y. May 22, 2013) ("Accordingly, plaintiff cannot plausibly allege a procedural due process claim because plaintiff could have availed herself of an Article 78 proceeding in the New York State courts to seek redress for any possible deprivation of her rights").

## <u>CONCLUSION</u>

For all of the foregoing reasons, the DOE Defendants respectfully request that their motion to dismiss the Complaint be granted, that an order dismissing the Complaint be issued, that judgment in favor of the DOE Defendants be entered and that the DOE Defendants be granted such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           June 26, 2014

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
**Attorney for DOE Defendants**
100 Church Street, Room 2-188
New York, New York 10007
(212) 356-2458
jakim@law.nyc.gov


By:           /s/ Jay Y. Kim
        Jay Y. Kim
        Assistant Corporation Counsel