# NEW YORK STATE EDUCATION DEPARTMENT
## UNIT OF SCHOOL DISTRICT
## EMPLOYER-EMPLOYEE RELATIONS

In the Matter of the Charges Preferred By:

DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,

           Complainant-Employer,

                                       SED File No. _____

v.

AMY INGBER,

                                       **SPECIFICATIONS**

           Respondent-Tenured Teacher,

Pursuant to Education Law Section 2590 (j) (7)
And Section 3020(a).

       The New York City Department of Education brings this action, pursuant to Education Law §3020-a, against Amy Ingber for incompetent and inefficient service, neglect of duty, misconduct, and failure to follow procedures and carry out normal duties during the 2011-2012, 2012-2013, and 2013-2014 school years. Amy Ingber (hereinafter referred to as "Respondent"), under file number 0821500, Social Security number        , entered the New York City Department of Education in 2003. Respondent is a tenured teacher, currently assigned to J.H.S. 157, The Stephen A. Halsey School, located at 63-55 102nd Street, Rego Park, NY 11374. Respondent holds a "Special Education" license.

1

## SPECIFICATIONS

1. Respondent failed to properly, adequately and/or effectively plan and/or execute lessons during the 2011-2012, 2012-2013, and 2013-2014 school years, as observed on or around the following dates:

   a. November 13, 2013;
   b. June 12, 2013;
   c. May 30, 2013;
   d. May 2, 2013;
   e. March 15, 2013;
   f. December 20, 2012;
   g. May 18, 2012;
   h. February 8, 2012; and
   i. January 5, 2012.

2. During the 2012-2013 school year, Respondent failed to submit completed lesson plans and/or adhere to lesson plan guidelines, as directed by school administration.

3. During the 2012-2013 school year, Respondent failed to submit and/or complete lesson plans for all her classes, as directed by school administration.

4. During the 2012-2013 school year, Respondent failed to submit and/or prepare lesson plans that included differentiated instruction.

5. During the 2012-2013 school year, Respondent failed to submit and/or prepare lesson plans that included teacher created models within her Mini Lesson.

6. During the 2012-2013 school year, Respondent failed to submit and/or prepare lesson plans that included scaffolding.

7. During the 2012-2013 school year, Respondent failed to submit and/or prepare lesson plans that included clear objectives.

8. During the 2012-2013 school year, Respondent failed to submit and/or prepare lesson plans that included a "share" component.

9. During the 2012-2013 school year, Respondent failed to submit and/or prepare lesson plans demonstrating rigor.

10. Respondent failed, during the 2011-2012, 2012-2013, and/or 2013-2014 school years, to fully and/or consistently implement directives and/or recommendations for pedagogical improvement and professional development, provided in observation conferences, instructional meetings, action plans, one-on-one meetings with school administrators and/or outside observers, school based coaches, as well as school-wide professional development, with regard to:

        a. Proper planning, pacing, and execution of lessons;
        b. Using appropriate methods and techniques during lessons;
        c. Including differentiation of instruction in lessons;
        d. Proper assessment of students' progress;
        e. Proper classroom management;
        f. Providing academically rigorous lessons; and
        g. Incorporating higher order thinking skills into lessons.

## THE FOREGOING CONSTITUES:

1. Just cause for disciplinary action under Education Law §3020(a);
2. Incompetent and/or inefficient service;
3. Conduct unbecoming Respondent's position;
4. Conduct prejudicial to the good order, efficiency or discipline of the service;
5. Neglect of duty;
6. Misconduct;
7. Substantial cause rendering Respondent unfit to properly perform her obligations to the service; and
8. Just cause for termination.

Dated: December 9, 2013

New York City Department of Education
Courtenaye Jackson-Chase, General Counsel
By: Nicole M. Andrade
49-51 Chambers Street, Room 611
New York, New York 10007
Tel: (212) 374-6471
Fax: (212) 374-9298

## NEW YORK STATE EDUCATION DEPARTMENT
## UNIT OF SCHOOL DISTRICT
## EMPLOYER-EMPLOYEE RELATIONS

In the Matter of the Charges Preferred By:

DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,
          Complainant-Employer,        **SED File No.** _____

v.

                                      **SPECIFICATIONS**

BERTA MORALES,
          Respondent-Tenured Teacher,

Pursuant to Education Law Section 2590 (j) (7)
and Section 3020(a).

## INTRODUCTION

       The New York City Department of Education brings this action pursuant to Education Law §3020-a against Berta Morales, for her failures in the nature of incompetent and inefficient service, insubordination, neglect of duty, exercising poor judgment, and unwillingness and/or inability to follow procedures and carry out normal duties, during the 2010-2011, 2011-2012 and 2012-2013 school years. Berta Morales, under file #758271 is a tenured teacher, with special education license, assigned to P.S. 70, located in District 9, in the Bronx.

## SPECIFICATIONS

1. During the 2010-2011, 2011-2012 and/or 2012-2013 school years, Respondent failed to properly, adequately, and/or effectively plan and/or execute separate lessons as observed on or about each of the following dates:

   a. September 20, 2010;
   b. October 27, 2010;
   c. December 7, 2010;
   d. February 3, 2011;
   e. September 28, 2011;
   f. October 19, 2011;
   g. October 11, 2012;
   h. February 20, 2013;
   i. March 1, 2013;
   j. March 13, 2013;
   k. March 19, 2013; and/or
   l. June 11, 2013.

2. Respondent failed to perform her duties properly and/or neglected her duties and/or was insubordinate when Respondent failed to keep lesson plans as required by the school and/or Respondent's action plan, during the 2012-2013 school year.

3. Respondent failed to perform her duties properly and/or neglected her duties and/or was insubordinate when Respondent failed to observe teacher B.L.'s class as required by the action plan, during the 2012-2013 school year.

4. Respondent was repeatedly and excessively late, during the 2011-2012 school year.

5. Respondent failed to perform her duties properly and/or neglected her duties and/or was insubordinate when Respondent failed to submit lesson plans as per the action, during the 2011-2012 school year.

6. Respondent failed to perform her duties properly and/or neglected her duties and/or was insubordinate when Respondent failed to hand in visitation forms/reports according to the action plan, during the 2011-2012 school year.

7. Respondent failed to perform her duties properly and/or neglected her duties and/or was insubordinate when Respondent failed to keep lesson plans as required by the school and/or Respondent's action plan, during the 2011-2012 school year.

2

8. Respondent failed to perform her duties properly and/or neglected her duties and/or was insubordinate when Respondent failed to have students watch a movie in class that matched the current unit of study with a focus and/or aim, during the 2011-2012 school year.

9. Respondent failed to perform her duties properly and/or neglected her duties and/or was insubordinate when Respondent failed to have a lesson plan, on or about January 10, 2012.

10. Respondent was repeatedly and excessively absent, during the 2010-2011 school year.

11. Respondent failed to perform her duties properly and/or neglected her duties and/or was insubordinate when Respondent failed to submit lesson plans as per the action, during the 2010-2011 school year.

12. Respondent failed to perform her duties properly and/or neglected her duties and/or was insubordinate when Respondent failed to keep lesson plans as required by the school and/or Respondent's action plan, during the 2010-2011 school year.

13. Respondent failed to perform her duties properly and/or neglected her duties and/or was insubordinate when Respondent failed to observe teacher Ms. P's class every Tuesday, as per the action plan, during the 2010-2011 school year.

14. Respondent failed to perform her duties properly and/or neglected her duties and/or was insubordinate when Respondent failed to submit math data in a timely manner, on or about September 20, 2010.

15. Respondent failed to perform her duties properly and/or neglected her duties and/or was insubordinate when Respondent failed to submit ELA data in a timely manner, on or about October 1, 2010.

16. During the 2010, 2011, 2011-2012 and 2012-2013 school years, Respondent failed to accept and/or heed advice, counsel, instruction, remedial professional development and/or recommendations regarding:

    a. The elements of effective lesson planning and/or execution;
    b. Classroom management;
    c. Classroom environment; and/or
    d. Production and/or maintenance of required records and/or documents.

THE FOREGOING CONSTITUTES:

1. Just cause for disciplinary action under Education Law §3020-a;
2. Insubordination;
3. Incompetence and/or inefficient service;
4. Conduct prejudicial to the good order, efficiency or discipline of the service;
5. Conduct unbecoming Respondent's position or conduct prejudicial to the good order, efficiency, or discipline of the service;
6. Substantial cause rendering Respondent unfit to properly perform obligations to the service;
7. Neglect of duty; and
8. Just cause for termination.

DATED: August 16, 2013

New York City Department of Education
Courtenaye Jackson-Chase, General Counsel
By: Rishona Fleishman
49-51 Chambers Street, Room 611
New York, New York 10007
Tel: (212) 374-5227
Fax: (212) 374-9298

4

In the Matter of the Charges Preferred By:

DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,
           Complainant-Employer,        **SED File No. _____**

v.

LEEANA KOZNESOFF,                     **SPECIFICATIONS**

        Respondent-Tenured Teacher,

Pursuant to Education Law Section 2590 (j) (7)
and Section 3020(a).

## INTRODUCTION

The New York City Department of Education brings this action pursuant to Education Law §3020-a against Leeana Koznesoff for her failures in the nature of incompetent and inefficient service, neglect of duty, and unwillingness and/or inability to follow procedures and carry out normal duties, during the 2011-2012 and 2012-2013 school years. Leeana Koznesoff, under file #0848399, Social Security      , is a tenured teacher, most-recently assigned, under a license for "Special Education Day", to Business of Sports School, located in District 02, in Manhattan.

1

## SPECIFICATIONS

1) Respondent failed to properly, adequately, and/or effectively plan and/or execute separate lessons, on the following dates:

   a) April 27, 2012;
   b) May 8, 2012;
   c) October 11, 2012;
   d) December 4, 2012;
   e) February 28, 2013;
   f) May 8, 2013; and
   g) June 10, 2013.

2) Respondent, during the 2011-2012 school year, failed to fulfill her professional responsibilities, and/or demonstrated conduct unbecoming a professional, in that she failed to maintain professional and/or cordial relations with school administration and/or staff.

3) Respondent, during the 2012-2013 school year, failed to fulfill her professional responsibilities, and/or demonstrated conduct unbecoming a professional, in that she failed to maintain professional and/or cordial relations with school administration and/or staff.

4) Respondent, during 2012-2013 school year, was derelict in her duties, and/or negligent in her duties, in that she failed to adhere to her action plan as directed by her supervisors.

5) Respondent failed, during the 2011-2012 and 2012-2013 academic years, to implement supervisory support, directives and recommendations for pedagogical improvement and professional development from observation conferences, one-to-one meetings with school administrators and support staff, as well as in school support, with regard to:

   a) Effective instructional management:
   b) Effective use of instructional time;
   c) Effective handling of duties and responsibilities;
   d) Effective classroom instruction;
   e) Effective classroom management;
   f) Effective delivery of lessons using proper methodology; and
   g) Effective lesson construction and planning.

THE FOREGOING CONSTITUTES:

1. Just cause for disciplinary action under Education Law §3020-a;
2. Incompetence and/or inefficient service;
3. Conduct unbecoming Respondent's position or conduct prejudicial to the good order, efficiency, or discipline of the service;
4. Substantial cause rendering Respondent unfit to properly perform obligations to the service;
5. Neglect of duty; and
6. Just Cause for termination

DATED: June 24, 2013

New York City Department of Education
Michael Best, General Counsel
By: Mallory O. Sullivan, Attorney
49-51 Chambers Street, Room 611
New York, New York 10007
Tel: (212) 374-2429
Fax: (212) 374-9298

**NEW YORK STATE EDUCATION DEPARTMENT**
**UNIT OF SCHOOL DISTRICT**
**EMPLOYER-EMPLOYEE RELATIONS**

In the Matter of the Charges Preferred By:

DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,
    Complainant-Employer,    **SED File No.** _____

v.

LEEANA KOZNESOFF,      **BILL OF PARTICULARS**
    Respondent-Tenured Teacher,

Pursuant to Education Law Section 2590-j(7)
and Section 3020-a.

MALLORY O. SULLIVAN affirms under the penalty of perjury:

   I am an attorney duly admitted to the practice of law in the State of New York, and am employed by the Office of the General Counsel of the Department of Education of the City of New York (hereinafter referred to as the "Complainant"). I am familiar with the facts and circumstances surrounding this cause of action against Respondent Leeana Koznesoff (hereinafter referred to as the "Respondent") under File Number 0848399.

   The following constitutes Complainant's Bill of Particulars, pursuant to the mutual understanding and agreement between the Department of Education of the City School District of the City of New York ("DOE") and the United Federation of Teachers. Complainant reserves the right to amend or supplement the following information at any time.

   Complainant *may* call the following witnesses and/or the following names *may* be heard at the hearing during our case in chief:

     Joshua Solomon, Principal, Business of Sports School
     Rosa Choi, Assistant Principal, Business Sports School

   The instant response does not constitute a waiver of the right to call, name and/or notice additional witnesses for Complainant's case-in-chief or any rebuttal case. It is the Complainant's

position that the specifications are sufficiently specific to allow the Respondent to understand the nature of the charges and to prepare an appropriate defense. Where possible, the Complainant has listed specific documentation contained in Respondent's school file that lends to further clarification. The material, the Complainant contends, is currently in the Respondent's possession as copies were provided at the time of the incidents. Additionally, copies are readily available to the respondent upon request of the administrators at the subject school. Further, said documents will be forwarded to respondent's counsel under separate cover.

The following paragraphs will correspond to the specifications filed in the above-captioned matter:

Specification 1 see observation reports for the following dates:

a) April 27, 2012;
b) May 8, 2012;
c) October 11, 2012;
d) December 4, 2012;
e) February 28, 2013;
f) May 8, 2013; and
g) June 10, 2013.

2) See letter dated June 21, 2012.

3) See letter dated June 19, 2013.

4) See letter dated June 19, 2013.

5) It is the complainant's position that during the 2011-2012 and 2012-2013 school years, Respondent repeatedly failed to implement supervisory directives and recommendations for pedagogical improvement and professional development from observation conferences and one-to-one meetings with school and district support staff and school administrators. Respondent's administrators identified numerous deficiencies that needed improvement and that said identification was documented through observation reports, letters to file, logs of assistance, action plans and professional development materials.

The instant response does not constitute a waiver of Department's right to present any and all relevant evidence of the Respondent's deficiencies, through testimonial or documentary evidence, for the Department's case-in-chief or any rebuttal case.

DATED June 24, 2013

New York City Department of Education
Courtenaye Jackson-Chase, General Counsel
By: Mallory O. Sullivan
49-51 Chambers Street, 6th Floor
New York, New York 10007
Tel: (212) 374-2533
Fax: (212) 374-9298

I gave you an opportunity to respond and you responded by stating that I had always dismissed your experience and you didn't think you would learn anything from visiting teachers with less experience than you. You said that we had not created the Action Plan collaboratively as we were supposed to, and that you had never agreed to this step. You expressed that Ms. Choi and myself were creating a toxic culture with our disrespect.

Based on our meeting, a review of the complaints against you and your responses at our meeting, I conclude that your response to the requirement to visit and submit reflections on the management, planning, and collaboration was inappropriate and negatively impacted your professional development this year, as well as the promotion good relations with other teachers and a collaborative environment. This is unacceptable and will not be tolerated.

You are reminded of your obligation to maintain good relations with colleagues at all times. Please be advised that this matter may lead to further disciplinary action including an unsatisfactory rating and charges that may lead to the termination of employment.

Sincerely,

Joshua N. Solomon
Principal
Business of Sports School

I have received a copy of this letter and understand that it will be placed in my official file. Please sign and return directly to Ms. Arroyo in room 543 by June 24, 2012.

_____          _____
Leeana Koznesoff                                        Date

**COMMUNICATION          COLLABORATION          CRITICAL THINKING**

# SPECIFICATIONS

**NATALYA SOKOLSON GORDON** (hereinafter referred to as "Respondent") under file#724773 , is a tenured teacher formerly assigned to PS 329 The Surfside School, located within District 21, in Brooklyn. During the 2011-2012 and 2012-2013 school years, Respondent engaged in Corporal Punishment, Verbal Abuse, Sexual Harassment, Misconduct, Neglect, and Conduct unbecoming her profession as follows:

## In Particular:

### SPECIFICATION 1:

On or about March 6, 2012, Respondent, while on a field trip, and in the view of the students:

- a.) Exited the bus, leaving the students unattended by a licensed teacher.
- b.) Engaged in an argument with a passing motorist.
- c.) Stated words to the effect of, Fat, and Go eat donuts to said motorist.
- d.) Walked over to a nearby construction site.
- e.) Engaged in an argument with a supervisor from said construction site.

### SPECIFICATION 2:

On or about April 27, 2012, Respondent:

- a.) Interrupted an after school program (with approximately eighty students in attendance) by physically entering a gymnasium in an abrupt manner.
- b.) Accused Student A* and Student B* of the theft of food items.
- c.) Yelled at Students A and B in front of students.
- d.) Caused embarrassment and alarm to Students A and B.

### SPECIFICATION 3:

On or about May 22, 2012, Respondent:

- a.) Repeatedly yelled at Student B and stated words to the effect of, you are low functioning.
- b.) Repeatedly yelled at Student C* during test preparatory activities causing Student C to cry.
- c.) Repeatedly yelled at Student A.
- d.) As a result of the above described actions of the Respondent, the above mentioned students experienced ridicule, alarm, and embarrassment.

### SPECIFICATION 4:

On or about October 17, 2012, Respondent:

- a.) Physically positioned herself in a classroom doorway for the purpose of preventing entry by Student D* into the classroom.
- b.) Pushed Student D with both hands.

### SPECIFICATION 5:

On or about November 15, 2012, Respondent:

- a.) Grabbed Student E* by the arms.
- b.) Lifted Student E off of the ground.

c.) Carried Student E under her arms.

d.) Dragged Student E by the arms, down a hallway.

**SPECIFICATION 6:**

On or about January 23, 2013 Respondent stated to Parent Coordinator Leah Depena words to the effect of:

a.) Maybe if I would've given [Principal Saleema Marbury] a little, [Principal Saleema Marbury] wouldn't be acting the way [Principal Saleema Marbury] is acting.

b.) During the above mentioned statement, Respondent:

    i.)     Raised her open hand to her face.

    ii.)    Licked a finger on said hand.

    iii.)   Placed said hand toward Respondent's genitalia.

    iv.)   Moved said hand/finger repeatedly in a back and forth nature.

    v.)    Indicated a sexual and/or masturbatory act.

c.) During the above mentioned act, Respondent was laughing.

**SPECIFICATION 7:**

On or about and in between February 1, 2013 until February 14, 2013. Respondent stated to Medical Leaves and Records Administrator Mercedes Ramirez (hereafter "Ms. Ramirez") words to the effect of.

a.) You're so sexy.

b.) I have to take you out.

c.) When can we go out?

d.) We need to go out.

e.) You don't have to watch your weight, I'm watching it for you.

f.) I'll turn you out.

g.) You're so beautiful.

h.) You should be on the pole.

i.) I do couples too.

**SPECIFICATION 8:**

On or about and in between February 1, 2013 until February 14, 2013, Respondent repeatedly requested to romantically date Ms. Ramirez.

**SPECIFICATION 9:**

On or about and in between February 1, 2013 until February 14, 2013, Respondent repeatedly requested to photograph Ms. Ramirez.

**SPECIFICATION 10:**

On or about and in between February 1, 2013 until February 14, 2013, Respondent repeatedly showed Ms. Ramirez nude photographs of herself.

**SPECIFICATION 11:**

On or about and in between February 1, 2013 until February 14, 2013, Respondent repeatedly placed her arm around Ms. Ramirez's waist.

**SPECIFICATION 12:**
On or about February 14, 2013, Respondent lifted up her skirt and revealed her undergarments to Ms. Ramirez.

## THE FOREGOING CONSTITUTES:

- Just cause for disciplinary action under Education Law Section 3020-a;
- Sexual Harassment;
- Neglect of duty;
- Violation of the Chancellor's Regulations (including but not limited to A-420, A-421 and A-830);
- Substantial cause rendering Respondent unfit to perform properly her obligations to the service;
- Conduct unbecoming Respondent's position and prejudicial to the good order, efficiency, and discipline of the service; and
- Just cause for termination.


\* Students' names will be provided prior to trial.

# SPECIFICATIONS

**NATALYA SOKOLSON GORDON** (hereinafter referred to as "Respondent") under file# 724773, is a tenured teacher formerly assigned to PS 329, The Surfside School, located within District 21, in Brooklyn. During the 2012-2013 school year, Respondent engaged in neglect of duty, attempted to tamper/interfere with a pending investigation, was excessively late and/or absent, caused negative notoriety to the DOE, and engaged in conduct unbecoming her profession as follows:

## In Particular:

**SPECIFICATION 1**: On or about October 1, 2013, Respondent knowingly filed and/or caused to be filed a false and/or frivolous allegation with the Special Commissioner of Investigation (hereafter "SCI") against former Office of Special Investigations (hereafter "OSI") Investigator Lawrence Scott (hereafter "Mr. Scott") alleging that throughout November 2012, until March 2013, Mr. Scott caused Respondent emotional fear, upset, trauma and/or unrest by:

    a.) Sending Respondent numerous unsolicited and/or unwanted and/or harassing text messages of a suggestive, sensual, flirtatious and/or sexual nature.

    b.) Sending Respondent unsolicited and/or unwanted and/or offensive picture messages of his genitals.

    c.) Unlawfully sexually assaulting her inside of P.S. 329 on or about January 15, 2013, with out her solicitation, complicity and/or consent.

**SPECIFICATION 2:** Respondent's misconduct and/or the false and frivolous nature of her claims are demonstrated in that Respondent:

    a) Actively pursued and/or encouraged a flirtatious and/or personal and/or inappropriate and/or sexual relationship with Mr. Scott.

    b) Willingly participated in and/or initiated the above mentioned text messages on the majority of occasions throughout the period she complains about, namely the period of November 2012, until March 2013.

    c) With full knowledge and understanding that she was the target of an OSI investigation by Mr. Scott, Respondent continued in her course of conduct as described herein.

    d) Began texting Mr. Scott on, or about November 14, 2012, sending Mr. Scott approximately two-hundred and ninety-two (292) text. (approximately 70% of the total text messages) Whereas, Mr. Scott responded with approximately one-hundred and twenty-six (126) text. (approximately 30% of the total text messages between the two)

    e) On, or about November 14, 2012, Respondent voluntarily sent Mr. Scott approximately five (5) inappropriate multimedia messages (MMS) depicting herself in various states of nudity and/or undress.

f) Continued initiating inappropriate communications with Mr. Scott throughout the above mentioned time period by:

      i. Sending numerous text messages to Mr. Scott on approximately twenty-six (26) separate dates which included approximately twenty-two (22) MMS messages, whereby approximately twenty-one (21) of which were initiated by the Respondent.

      ii. Voluntarily sending Mr. Scott messages including bottomless and topless images of herself.

      iii. Initiating approximately three (3) cellular telephone calls to Mr. Scott, of lengthy duration.

      iv. Calling Mr. Scott's assigned telephone number at OSI approximately eighteen (18) times.

**SPECIFICATION 3:** The fraudulent nature of Respondent's complaint and her further misconduct, complicity and/or orchestration of the very activities she purportedly complains about is further demonstrated by:

a) Her failure to immediately report her accusations against Mr. Scott to her superiors, and/or Mr. Scott's superiors, and/or The New York City Police Department and/or SCI.

b) Respondent reporting her accusations against Mr. Scott to SCI approximately eleven (11) months after the initial events in an attempt to gain an advantage in Respondent's own pending Education Law Section 3020-a disciplinary hearing on unrelated charges.

**SPECIFICATION 4:** On or about November 2012 until March, 2013, Respondent knowingly attempted to tamper with on-going OSI investigation(s) by engaging in the misconduct specified within Specifications 1&2 aware that she was the target of investigation(s) headed by Mr. Scott.

**SPECIFICATION 5:** Respondent benefitted from her tampering with the open investigations in that all of the aforementioned investigations headed by Mr. Scott resulted in unsubstantiated findings and no disciplinary charges were filed against the Respondent.

**SPECIFICATION 6:** On or about December 29, 2013 to present, Respondent's actions as described herein have caused negative publicity, and/or ridicule, and/or notoriety to the New York City Department of Education in that:

a.) Two articles were published in the New York Post entitled:

      i. Teacher: Prober said sex would get me off hook.

      ii. Chief Schools prober suggests "sexting" teacher be fired.

2

b.) The New York Times published an article entitled "Schools Official Investigating Teacher Exchanged Explicit Texts with Her."

c.) CBS New York published an article entitled "Investigator, Brooklyn Teacher Carried on Sexting Relationship."

d.) The New York Daily News published an article entitled "Brooklyn teacher vows to stay put after sexting scandal between her, investigator."

e.) The Daily Mail published an article entitled "Teacher under fire for grabbing students says school investigator blackmailed her into sexting him so she could keep her job."

**SPECIFICATION 7**: During the 2012-2013 school year, Respondent was excessively absent from work on approximately thirteen (12) dates as follows:

| | | |
|---|---|---|
| 1.) | Monday | October 15, 2012* |
| 2.) | Friday | November 16, 2012* |
| 3.) | Friday | November 30, 2012* |
| 4.) | Thursday | December 13, 2012 |
| 5.) | Wednesday | January 9, 2013 |
| 6.) | Thursday | January 10, 2013 |
| 7.) | Monday | February 11, 2013* |
| 8.) | Friday | February 15, 2013* |
| 9.) | Monday | March 11, 2013* |
| 10.) | Monday | April 15, 2013* |
| 11.) | Thursday | June 13, 2013 |
| 12.) | Friday | June 14, 2013* |

**SPECIFICATION 8:** During the 2012-2013 school year, Respondent was excessively late and/or left work early on thirty-six (36) days as follows:

| | | | |
|---|---|---|---|
| 1.) | Tuesday | February 5, 2013 | Late 10 minutes |
| 2.) | Wednesday | February 13, 2013 | Late 13 minutes* |
| 3.) | Thursday | February 14, 2013 | Late 23 minutes |
| 4.) | Wednesday | February 20, 2013 | Left early 30 minutes |
| 5.) | Thursday | February 21, 2013 | Left early 29 minutes |
| 6.) | Friday | February 22, 2013 | Left early 30 minutes* |
| 7.) | Monday | February 25, 2013 | Left early 28 minutes* |
| 8.) | Wednesday | February 27, 2013 | Left early 1 hour 19 minutes |
| 9.) | Friday | March 15, 2013 | Left early 45 minutes* |
| 10.) | Friday | March 22, 2013 | Left early 48 minutes* |
| 11.) | Thursday | April 4, 2013 | Late 6 minutes |
| 12.) | Tuesday | April 9, 2013 | Late 7 minutes |
| 13.) | Wednesday | April 17, 2013 | Late 1 hour 3 minutes |
| 14.) | Friday | April 19, 2013 | Left early 43 minutes* |
| 15.) | Monday | April 22, 2013 | Late 13 minutes* |

| 16.) | Wednesday | April 24, 2013 | Late 18 minutes |
|------|-----------|----------------|-----------------|
| 17.) | Friday | April 26, 2013 | Late 30 minutes* |
| 18.) | Wednesday | May 1, 2013 | Late 34 minutes |
| 19.) | Friday | May 3, 2013 | Left early 10 minutes* |
| 20.) | Monday | May 6, 2013 | Late 26 minutes and Left early 19 minutes* |
| 21.) | Wednesday | May 8, 2013 | Left early 26 minutes |
| 22.) | Friday | May 10, 2013 | Left early 16 minutes* |
| 23.) | Tuesday | May 14, 2013 | Left early 13 minutes |
| 24.) | Friday | May 17, 2013 | Late 10 minutes and Left early 19 minutes* |
| 25.) | Monday | May, 20, 2013 | Left early 23 minutes* |
| 26.) | Thursday | May 23, 2013 | Left early 8 minutes |
| 27.) | Friday | May 24, 2013 | Late 21 minutes, Left early 1 minute* |
| 28.) | Friday | May 31, 2013 | Late 2 hours 23 minutes* |
| 29.) | Wednesday | June 5, 2013 | Left early 50 minutes |
| 30.) | Thursday | June 6, 2013 | Left early 61 minutes |
| 31.) | Friday | June 7, 2013 | Late 25 minutes* |
| 32.) | Monday | June 10, 2013 | Late 38 minutes* |
| 33.) | Wednesday | June 12, 2013 | Left early 10 minutes |
| 34.) | Wednesday | June 19, 2013 | Late 1 hour 46 minutes |
| 35.) | Thursday | June 20, 2013 | Left early 30 minutes |
| 36.) | Friday | June 21, 2013 | Left early 30 minutes* |

## THE FOREGOING CONSTITUTES:

- Just cause for disciplinary action under Education Law Section 3020-a;
- Neglect of duty;
- Violation of the Chancellor's Regulations, the Rules and Regulations of the Department, District and/or School;
- Substantial cause rendering Respondent unfit to perform properly her obligations to the service;
- Fraud;
- Tampering with investigations;
- Excessive absence and/or lateness;
- Conduct unbecoming Respondent's position and prejudicial to the good order, efficiency, and discipline of the service; and
- Just cause for termination.

* The above-mentioned absences occurred preceding or following a weekend and/or holiday.

In the Matter of the Charges Preferred By:

DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,
              Complainant-Employer,

v.

RICHARD SANJAMINO,
              Respondent-Tenured Teacher,

Pursuant to Education Law Section 2590 (j) (7)
and Section 3020(a).

**SED File No. _____**

**SPECIFICATIONS**

## INTRODUCTION

The New York City Department of Education brings this action pursuant to Education Law §3020-a against Richard Sanjamino for his failures in the nature of incompetent and inefficient service, neglect of duty, insubordination, and unwillingness and/or inability to follow procedures and carry out normal duties, during the 2012-2013 school year. Richard Sanjamino, under file #0613650, Social Security ▮▮▮▮▮▮▮, is a tenured teacher, most-recently assigned, under a license for "Mathematics Day High School", to John Adams High School, located in District 27, in Queens.

## SPECIFICATIONS

1) Respondent failed to properly, adequately, and/or effectively plan and/or execute separate lessons, on the following dates:

    a) September 21, 2012;
    b) October 10, 2012;
    c) November 20, 2012;
    d) February 6, 2013; and
    e) April 3, 2013.

2) Respondent, during the 2012- 2013 school year, was derelict in his duties, and/or failed to fulfill his professional responsibilities, in that he failed to attend mandatory in-school meetings on September 21, 2012, October 1, 2012, and October 3, 2012.

3) Respondent, during the 2012-2013 school year, displayed conduct unbecoming a professional, in that he refused professional assistance (inter-visitations) to improve his pedagogy.

4) Respondent, during the 2012-2013 school year, was derelict in his duties, and/or negligent in his duties, in that he failed to complete routine student assessments.

5) Respondent, during the 2012-2013 school year, failed to fulfill his professional responsibility, in that he failed to maintain a grade book as of November 2012.

6) Respondent, during the 2012-2013 school year, was derelict in his duties, and/or failed to fulfill his professional responsibilities, in that he failed to timely, properly and/or adequately submit his September Item Analysis Assessment by the deadline of October 19, 2012.

7) Respondent, during the 2012-2013 school year, was insubordinate, and/or failed to fulfill his professional responsibilities, in that he failed follow supervisory directives to timely, properly, and/or adequately submit his January Item Analysis Assessment by the January 18, 2013 deadline.

8) Respondent, on or about January 30, 2013, was insubordinate, and/or failed to fulfill his professional responsibilities, in that he failed to maintain a grade book, as directed by supervisors, in November 2012.

9) Respondent, on or about February 4, 2013, failed to appear for a weekly professional development meeting with his supervisor.

10) Respondent, during the 2012-2013 school year, was insubordinate, and/or failed to fulfill his professional responsibility, in that he failed to comply with supervisory directives pertaining to teaching the common core unit.

11) Respondent, on or about May 13, 2013, failed to follow school policy and/or procedure, in that he failed to maintain and/or submit emergency lesson plans.

12) Respondent, during the 2012-2013 school year, displayed conduct unbecoming a professional, in that he altered the documents maintained in his employment file and posted the contents on display in the main office of the school.

13) Respondent failed, during the 2012-2013 academic year, to implement supervisory support, directives and recommendations for pedagogical improvement and professional development from observation conferences, one-to-one meetings with school administrators and support staff, as well as in school support, with regard to:

a) Effective instructional management:
b) Effective use of instructional time;
c) Effective handling of duties and responsibilities;
d) Effective classroom instruction;
e) Effective classroom management;
f) Effective delivery of lessons using proper methodology; and
g) Effective lesson construction and planning.

THE FOREGOING CONSTITUTES:

1. Just cause for disciplinary action under Education Law §3020-a;
2. Incompetence and/or inefficient service;
3. Insubordination;
4. Conduct unbecoming Respondent's position or conduct prejudicial to the good order, efficiency, or discipline of the service;
5. Substantial cause rendering Respondent unfit to properly perform obligations to the service;
6. Misconduct;
7. Neglect of duty; and
8. Just Cause for termination

DATED: June 3, 2013

New York City Department of Education
Michael Best, General Counsel
By: Mallory O. Sullivan, Attorney
49-51 Chambers Street, Room 611
New York, New York 10007
Tel: (212) 374-2429
Fax: (212) 374-9298

3

NEW YORK STATE EDUCATION DEPARTMENT
UNIT OF SCHOOL DISTRICT
EMPLOYER-EMPLOYEE RELATIONS

In the Matter of the Charges Preferred By:

DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,
                Complainant-Employer,
                                  **SED File No.** _____
v.

RICHARD SANJAMINO,           **BILL OF PARTICULARS**
            Respondent-Tenured Teacher,

Pursuant to Education Law Section 2590-j(7)
and Section 3020-a.

---

MALLORY O. SULLIVAN affirms under the penalty of perjury:

    I am an attorney duly admitted to the practice of law in the State of New York, and am employed by the Office of the General Counsel of the Department of Education of the City of New York (hereinafter referred to as the "Complainant"). I am familiar with the facts and circumstances surrounding this cause of action against Respondent Richard Sanjamino (hereinafter referred to as the "Respondent") under File Number 0613650.

    The following constitutes Complainant's Bill of Particulars, pursuant to the mutual understanding and agreement between the Department of Education of the City School District of the City of New York ("DOE") and the United Federation of Teachers. Complainant reserves the right to amend or supplement the following information at any time.

    Complainant *may* call the following witnesses and/or the following names *may* be heard at the hearing during our case in chief:

            Daniel Scanlon, Principal, John Adams High School

            Bahaa Aboughaida, Assistant Principal, John Adams High School

            Ms. Adgate, Coach, John Adams High School

            Aneta Bega, Teacher, John Adams High School

            Zhani Joanidhi, Teacher, John Adams High School

            Regina Barton, UFT Teacher Center, John Adams High School

The instant response does not constitute a waiver of the right to call, name and/or notice additional witnesses for Complainant's case-in-chief or any rebuttal case. It is the Complainant's position that the specifications are sufficiently specific to allow the Respondent to understand the nature of the charges and to prepare an appropriate defense. Where possible, the Complainant has listed specific documentation contained in Respondent's school file that lends to further clarification. The material, the Complainant contends, is currently in the Respondent's possession as copies were provided at the time of the incidents. Additionally, copies are readily available to the respondent upon request of the administrators at the subject school. Further, said documents will be forwarded to respondent's counsel under separate cover.

The following paragraphs will correspond to the specifications filed in the above-captioned matter:

Specification 1 see observation reports for the following dates:

   a) September 21, 2012;
   b) October 10, 2012;
   c) November 20, 2012;
   d) February 6, 2013; and
   e) April 3, 2013.

2) See letter dated October 4, 2012.

3) See letter dated October 19, 2012.

4) See letter dated November 21, 2012.

5) See letter dated November 21, 2012.

6) See memo dated October 22, 2012 and letter dated January 7, 2013.

7) See letter dated January 30, 2013 pertaining to item analysis and student assessment.

8) See letter dated January 30, 2013 pertaining to grades and a grade book.

9) See letter dated February 4, 2013.

10) See letter dated March 18, 2013.

11) See letter dated May 14, 2013

12) See letter dated June 2, 2013 as well as photographs

13) It is the complainant's position that during the 2012-2013 school year, Respondent repeatedly failed to implement supervisory directives and recommendations for pedagogical improvement and professional development from observation conferences and one-to-one meetings with school and district support staff and school administrators. Respondent's administrators identified numerous deficiencies that needed improvement and that said identification was documented through observation reports, letters to file, logs of assistance, action plans and professional development materials.

The instant response does not constitute a waiver of Department's right to present any and all relevant evidence of the Respondent's deficiencies, through testimonial or documentary evidence, for the Department's case-in-chief or any rebuttal case.

DATED June 4, 2013

New York City Department of Education
Courtenaye Jackson-Chase, General Counsel
By: Mallory O. Sullivan
49-51 Chambers Street, 6th Floor
New York, New York 10007
Tel: (212) 374-2533
Fax: (212) 374-9298

In the Matter of the Charges Preferred By:

DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,
               Complainant-Employer,

v.

SCOTT KREFETZ,
           Respondent-Tenured Teacher,

Pursuant to Education Law Section 2590 (j) (7)
and Section 3020(a).

SED File No. _____

**SPECIFICATIONS**

## INTRODUCTION

The New York City Department of Education brings this action pursuant to Education Law §3020-a against Scott Krefetz for neglect of duty, failure to follow procedures and carry out normal duties and responsibilities, and incompetent and inefficient service during the 2010-2011, 2011-2012 and 2012-2013 school years. Scott Krefetz (hereinafter referred to as "Respondent,") under file #0752157, entered the New York City Department of Education in 1998. Respondent was last assigned to H.S. 480, in Queens. Respondent holds a JHS Social Studies license.

## SPECIFICATIONS

1) During the 2010-2011, 2011-2012 and/or 2012-2013 school years, Respondent failed to properly or adequately plan and/or execute lessons as documented in observation reports dated or conducted on:

   a) April 30, 2012
   b) March 8, 2012
   c) May 27, 2011
   d) April 14, 2011
   e) November 4, 2010
   f) October 14, 2010

2) Respondent failed to properly follow protocol regarding reporting and/or documenting an incident which occurred on April 30, 2012.

3) During the 2010-2011, 2011-2012 and/or 2012-2013 school years, Respondent repeatedly failed to effectively implement recommendations and/or instruction from administrators, peer teachers, peer observers, mentors and/or coaches regarding:

   a) The elements of effective lesson construction;
   b) The elements of effective classroom instruction;
   c) The elements of effective classroom organization;
   d) The elements and use of proper classroom management and disciplinary methods;
   e) Professionalism and/or
   f) Compliance with administrative responsibilities.


THE FOREGOING CONSTITUTES:

1. Just cause for disciplinary action under Education Law §3020-a;
2. Neglect of duty;
3. Unprofessional Conduct;
4. Incompetent and inefficient service;
5. Conduct unbecoming Respondent's position;
6. Conduct prejudicial to the good order, efficiency or discipline of the service;
7. Substantial cause rendering Respondent unfit to properly perform her obligations to the service; and
8. Just cause for termination.


DATED: June 18, 2013

2

New York City Department of Education
Courtenaye Jackson-Chase
General Counsel
By: Gabriela Antioco, Esq.
49-51 Chambers Street, 6th Floor
New York, New York 10007
Tel: (212) 374-2533
Fax: (212) 374-9298

3

NEW YORK STATE EDUCATION DEPARTMENT
UNIT OF SCHOOL DISTRICT
EMPLOYER-EMPLOYEE RELATIONS

In the Matter of the Charges Preferred By:

BOARD OF EDUCATION OF THE CITY OF
NEW YORK,

              Complainant-Employer,               **SED File No.**_____

v.

VICTOR VARGAS,                              **SPECIFICATIONS**

          Respondent-Tenured Teacher,

Pursuant to Education Law Section 2590(j)(7)
and Section 3020(a).

## INTRODUCTION

The New York City Department of Education, by and through its attorneys, brings this action, pursuant to Education Law §3020-a, against Victor Vargas, for neglect of duty, misconduct, failure to follow procedures and carry out normal duties, and incompetent and inefficient service, during the 2011-2012 and 2012-2013 school years. Victor Vargas (hereinafter referred to as "Respondent"), under file # 0637839, Social Security        , is a tenured teacher, most recently assigned to Crotona Park West School P.S./M.S. 4X, Bronx, New York, District 9. Respondent holds a "Special Education Day" license.

1

# SPECIFICATIONS

1) During the 2011-2012 and 2012-2013 school years Respondent failed to properly, adequately, and/or effectively plan and/or execute lessons, as observed on the following dates:
   a. June 14, 2012;
   b. June 22, 2012;
   c. October 18, 2012;
   d. December 20, 2012;
   e. March 7, 2013,
   f. March 21, 2013,
   g. April 14, 2013,
   h. April 30, 2013; and
   i. May 15, 2013.

2) Respondent neglected his professional duties when he failed to have a lesson plan available during instructional time, as observed on June 14, 2012.

3) Respondent neglected his professional duties when he failed to have a lesson plan available during instructional time, as observed on October 18, 2012.

4) Respondent neglected his professional duties when he failed to have a lesson plan available during instructional time, as observed on October 22, 2012.

5) Respondent neglected his professional duties, in that he failed to submit lesson plans to his supervisor for review, as directed, during the 2012-2013 school year.

6) Respondent neglected his professional duties, in that he failed to properly, adequately and/or timely enter student data into the online American Reading Company (ARC) program, as required, during the 2012-2013 school year.

7) Respondent neglected his professional duties, in that he failed to comply with the school-wide initiative of self-assessing his pedagogy via the Kim Marshall framework during the 2012-2013 school year.

8) Respondent neglected his professional duties, in that he failed to document student conferences and monitor students' reading progress through the SchoolPace online program during the 2012-2013 school year.

9) Respondent acted unprofessionally and/or used poor judgment when he falsely stated to his supervisor, in sum and substance, "I submitted my week lesson plans to Ms. Feijoo as I was told," on October 22, 2012.

10) Respondent neglected his professional duties, in that he failed to report to work and failed to call the school in the morning to inform the staff of his absence on November 2, 2012.

11) Respondent used poor judgment, acted unprofessionally and/or used inappropriate language in front of students when he shouted at a staff member, in sum and substance, "This is bullshit! Tell the asshole I want to meet with him," snatched a document of out said staff member's hand and threw it back at her during instructional time on January 4, 2013.

12) Respondent neglected his professional duties, in that he failed to deliver appropriate instruction to his students during an American Reading Company (ARC) lesson, as required, on February 14, 2013.

13) Respondent neglected his professional duties when he failed to have a lesson plan available during instructional time, as observed on February 14, 2013.

14) Respondent neglected his professional duties when he failed to arrive at his assigned post in a timely manner on February 26, 2013.

15) Respondent engaged in an act of corporal punishment, in violation of Chancellor's Regulation A-420, in that he hit a student over the head with a book on March 5, 2013.

16) Respondent neglected his professional duties when he failed to arrive to his assigned post following the end of a preparation period on March 6, 2013.

17) Respondent neglected his professional when he failed to arrive at his assigned post in a timely manner on March 12, 2013.

18) Respondent neglected his professional duties, in that he failed to deliver appropriate instruction to his students during an American Reading Company (ARC) lesson, as required, on March 13, 2013.

19) Respondent neglected his professional duties when he failed to have a lesson plan available during instructional time, as observed on March 13, 2013.

20) Respondent used poor judgment, acted unprofessionally, and/or used inappropriate language in front of students when he stated, in sum and substance, "I'm pissed off at this crap," on March 19, 2013.

21) Respondent used poor judgment, acted unprofessionally, and/or violated Chancellor's Regulation A-421 when he stated to a student, in sum and substance, "You better not call out or else" and responded "Exactly" when a student asked "You'll knock some sense into me?" during instructional time on March 19, 2013.

3

22) Respondent used poor judgment and/or acted unprofessionally on April 7, 2013, when he sent an email accusing his supervisors of fabricating evidence in an open investigation of corporal punishment.

23) Respondent used poor judgment and/or acted unprofessionally on April 16, 2013, when he entered his supervisor's office unannounced, pointed at her and shouted, in sum and substance, "I pray that you're Christian because when judgment day comes for you, you'll burn in hell."

24) Respondent failed to implement professional development recommendations from observation conferences, logs of assistance, professional development sessions, and/or other support, during the 2011-2012 and 2012-2013 school years with regards to:

    a. Lesson planning and preparation;
    b. Proper pacing of lesson;
    c. Setting clear expectations;
    d. Differentiation of instruction;
    e. Engaging students in the lesson; and
    f. Effective delivery of instruction.

## THE FOREGOING CONSTITUTES:

1. Just cause for disciplinary action under Education Law § 3020-a;
2. Incompetence and/or inefficient service;
3. Neglect of duty;
4. Misconduct;
5. Insubordination;
6. Conduct unbecoming Respondent's position and conduct prejudicial to the good order, efficiency, and discipline of the service;
7. Substantial cause rendering Respondent unfit to perform properly his obligations to the service;
8. Just cause for termination.

DATED: June 17, 2013

New York City Department of Education
Courtenaye Jackson-Chase, General Counsel
By: Denice M. Szekely
49-51 Chambers Street, 6th Floor
New York, New York 10007
Tel: (212) 374-3495
Fax: (212) 374-9298

4

NEW YORK STATE EDUCATION DEPARTMENT
UNIT OF SCHOOL DISTRICT
EMPLOYER-EMPLOYEE RELATIONS

In the Matter of the Charges Preferred By:

BOARD OF EDUCATION OF THE CITY OF
NEW YORK,

                Complainant-Employer,              **SED File No.**_____

v.

VICTOR VARGAS,                               **SPECIFICATIONS**

                Respondent-Tenured Teacher,

Pursuant to Education Law Section 2590(j)(7)
and Section 3020(a).

## INTRODUCTION

The New York City Department of Education, by and through its attorneys, brings this action, pursuant to Education Law §3020-a, against Victor Vargas, for misconduct and conduct unbecoming his position and conduct prejudicial to the good order, efficiency, and discipline of the service during the 2012-2013 school year. Victor Vargas (hereinafter referred to as "Respondent"), under file # 0637839, Social Security ▮▮▮▮▮▮▮, is a tenured teacher, most recently assigned to Crotona Park West School P.S./M.S. 4X, Bronx, New York, District 9. Respondent holds a "Special Education Day" license.

## SPECIFICATION

On May 22, 2013, Respondent made threatening remarks about the principal, stating in sum and substance "I only pack a gun on Wednesdays," "I will deal with the principal man to man," and/or "the punishment for one is the same for all."

THE FOREGOING CONSTITUTES:

1. Just cause for disciplinary action under Education Law § 3020-a;
2. Misconduct;
3. Conduct unbecoming Respondent's position and conduct prejudicial to the good order, efficiency, and discipline of the service;
4. Substantial cause rendering Respondent unfit to perform properly his obligations to the service;
5. Just cause for termination.

DATED: October 29, 2013

New York City Department of Education
Courtenaye Jackson-Chase, General Counsel
By: Denice M. Szekely
49-51 Chambers Street, 6th Floor
New York, New York 10007
Tel: (212) 374-3495
Fax: (212) 374-9298

2