```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
AMY INGBER, et al.,                                                   :
                                                                      :
                              Plaintiffs,                             :    14-CV-3942 (JMF)
                                                                      :
            -v-                                                       :    MEMORANDUM OPINION
                                                                      :          AND ORDER
NEW YORK CITY DEPARTMENT OF EDUCATION,                                :
et al.,                                                               :
                                                                      :
                              Defendants.                             :
                                                                      :
----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/08/2014

JESSE M. FURMAN, United States District Judge:

Plaintiffs, seven New York City public school teachers, bring this case against the New York City Department of Education (the "DOE") and its Chancellor, Carmen Farina (together with the DOE, "Defendants"), alleging violations of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 6 of the New York State Constitution.  (Am. Compl. (Docket No. 22) ¶¶ 45-56).  Specifically, Plaintiffs allege that their rights were violated when they were served by their respective principals with disciplinary charges based on findings of probable cause made by the principals alone, rather than by an "employing board" sitting "in executive session."  (Am. Compl. ¶ 24).  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss the Amended Complaint (the "Complaint") on the grounds that (1) the DOE complied with applicable state law; (2) Plaintiffs have no protected property or liberty interest; and (3) even if they did, they have received all the process that they are due.  (Docket No. 18).  For the reasons explained below, Defendants' motion is GRANTED.

## BACKGROUND

The following facts, taken from the Complaint, are assumed to be true for purposes of this motion. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). Plaintiffs, tenured teachers employed by the DOE, are all facing disciplinary charges on the basis of misconduct or incompetence. (Am. Compl. ¶¶ 8, 20). Under Section 3020-a of the New York State Education Law ("Section 3020-a"), the DOE's employing board must be notified of any charges against tenured teachers, and, within five days, must determine at a meeting "in executive session" by majority vote whether probable cause exists. (*Id.* ¶¶ 15-17). But that did not happen here. (*Id.* ¶ 24). Instead, in each Plaintiff's case, his or her principal both initiated the charges and — allegedly pursuant to delegations under state law — also made the necessary probable cause determination. (*Id.* ¶ 25). The principals found (perhaps unsurprisingly) in each case that the charges were supported by probable cause. (*Id.*).

Significantly, however, each Plaintiff did receive a notice — which, along with a copy of the charges, was placed in his or her personnel file — stating that probable cause had been found "at a meeting in executive session." (*Id.* ¶¶ 23, 32-33). Thereafter, each Plaintiff requested a hearing. (*Id.* ¶ 29). While awaiting their hearings (one of which had been completed when the Complaint was filed, one of which was in progress, and five of which had yet to begin (*id.* ¶ 29 n.1)), Plaintiffs were relieved of their duties and told to report for work each day to "[s]it in a room" (a so-called "rubber room") with nothing to do. (*Id.* ¶ 36). Further, Plaintiffs' salary bonuses, per session payments, pensions, and salary steps were frozen, and the DOE placed a "red flag" next to Plaintiffs' names, "prevent[ing] [them] from being able to successfully find another job as a teacher." (*Id.* ¶¶ 41-42). Finally, even if the charges against Plaintiffs are

ultimately dismissed, they will be placed into DOE's substitute teaching pool rather than returned to their former duties. (*Id.* ¶ 44).

Plaintiffs filed this lawsuit on June 3, 2014, alleging that the DOE's failure to comply with Section 3020-a violated their due process rights under both the federal and state constitutions. (Docket No. 1). On June 6, 2014, Plaintiff Richard Sanjamino applied for a temporary restraining order and a preliminary injunction to prevent his disciplinary hearing, which was scheduled to take place on June 9, 2014, from going forward. (Docket Nos. 3, 6). On June 9, 2014, the Court denied Sanjamino's request because (1) he had not shown irreparable harm; and (2) he was unlikely to succeed on the merits in light of the abstention doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971). (Mem. Op. & Order (Docket No. 9) 5-9).[1] Three weeks later, Defendants moved to dismiss the Complaint in its entirety for failure to state a claim. (Docket No. 18).[2]

## DISCUSSION

A motion pursuant to Rule 12(b)(6) challenges the sufficiency of the allegations in the complaint. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007). To survive such a motion, a plaintiff's complaint must, as a general matter, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is

---

[1] Defendants do not raise *Younger* in their motion to dismiss. Accordingly, they have forfeited any argument that the Complaint should be dismissed on that basis. *See, e.g.*, *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 373 (2d Cir. 2005) (noting that the defendants had waived the issue of whether *Younger* abstention applied); *Tolliver v. Skinner*, No. 12-CV-971 (DAB) (KNF), 2013 WL 658079, at *13 (S.D.N.Y. Feb. 11, 2013) ("[T]he defendants waived their *Younger* abstention defense when they failed to raise it in their motion to dismiss.").

[2] After Defendants filed their motion, the Court granted Plaintiffs leave to file an amended complaint (Docket No. 21), which they did. (Docket No. 22). Thereafter, Defendants advised the Court that they were relying on their previously filed motion to dismiss. (Docket No. 26).

facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).  More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  If the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly,* 550 U.S. at 570.

Applying those standards here, Plaintiffs' federal claims fail as a matter of law.  To raise a due process claim under the Fourteenth Amendment, a plaintiff must first establish that the challenged action infringed a constitutionally protected property or liberty interest.  *See, e.g.*, *Perry v. McDonald*, 280 F.3d 159, 173 (2d Cir. 2001); *Davidson Heights LLC v. N.Y. City Hous. Auth.*, 14-CV-930 (ER), 2014 WL 5500944, at *4 (S.D.N.Y. Oct. 31, 2014) ("The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by federal or state law and, if so, what process was due before the plaintiff could be deprived of that interest." (internal quotation marks omitted)).  In this case, Plaintiffs make no argument that they were deprived of a property interest.  (*See* Mem. Law Opp'n Defs.' Mot. To Dismiss (Docket No. 29) ("Pls.' Mem.") 16-20 (arguing only that Plaintiffs were deprived of a liberty interest)).  Nor could they.  As several courts in this Circuit have recognized, an employee who continues to be paid — as Plaintiffs in this case indisputably were — "cannot 'sustain a claim for deprivation of property without due process' even if relieved from job duties." *Adams v. N.Y. State Educ. Dep't*, 752 F. Supp. 2d 420, 453 (S.D.N.Y. 2010), *aff'd sub nom. Ebewo v. Fairman,* 460 F. App'x 67 (2d Cir. 2012) (quoting *Ramberran v. Dellacona*, No. 07-CV-304 (CBA), 2008 WL 905217, at *4 (E.D.N.Y. Mar. 31, 2008)); *see also, e.g.*, *O'Connor v. Pierson,* 426 F.3d 187, 199 (2d Cir. 2005) ("[N]o

court has held that an employee on fully paid leave has been deprived of a property right merely by virtue of being relieved of his job duties."); *Cassidy v. Scoppetta*, 365 F. Supp. 2d 283, 287 (E.D.N.Y. 2005) ("Every court in this circuit that has considered the issue of whether there exists a constitutionally protected property interest in overtime pay has answered in the negative."). As a matter of fact, at least one court has held that the very benefits that Plaintiffs lost here do not rise to the level of a property right sufficient to state a federal due process claim. *See Adams*, 752 F. Supp. 2d at 454; *see also Thomas v. Bd. of Educ. of City Sch. Dist. of N.Y.*, No. 09-CV-5167 (SLT) (RLM), 2011 WL 1225972, at *9-10 (E.D.N.Y. Mar. 29, 2011).

Nor have Plaintiffs adequately pleaded that they were deprived of a protected liberty interest. Here, Plaintiffs attempt to satisfy the requirement by contending that Defendants' statements about them "impugn[ed] and denigrate[d] [their] reputations, and will affect their ability to obtain further employment in the teaching profession." (Pls.' Mem. 17). To succeed on that score, however, Plaintiffs have to allege that the government *both* (1) made an "utterance of a statement sufficiently derogatory to injure [the plaintiff's] reputation, that is capable of being proved false, and that [the plaintiff] claims is false"; *and* (2) imposed a "material . . . burden or . . . alteration of the plaintiff's status or rights." *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (internal quotation marks omitted) (discussing the requirements of a "stigma plus" claim). Further, the "statement must be sufficiently public to create or threaten a stigma." *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005). Here, Plaintiffs' claim would appear to founder on the first requirement, as there is no allegation that the allegedly false probable cause statement and charges — all of which are part of an internal disciplinary process and recorded in Plaintiffs' internal files — were made "sufficiently public." It is therefore far from clear that Plaintiffs actually suffered a stigma. *See, e.g.*, *Koehler v. New York City*, No. 04-CV-6929 (RMB), 2005

WL 3502042, at *3 (S.D.N.Y. Dec. 20, 2005) (finding that placing the plaintiff's name on the DOE's "ineligible list" and noting the charges in her personnel file, neither of which was disclosed, was not sufficiently public to create a stigma).[3]

In any event, the Court need not resolve that question because, even assuming *arguendo* that Plaintiffs have suffered a stigma, they have not alleged an "alteration of [their] status or rights." *Vega*, 596 F.3d at 81 (internal quotation marks omitted). Plaintiffs claim that the "red flag" next to their names and the fact that their personnel files will always state that charges had been filed against them will "affect their ability to obtain employment as a teacher in the future." (Am. Compl. ¶¶ 42-43; *see also id.* ¶ 35). That may well be true. But "'the impact that defamation might have on job prospects, or, for that matter, romantic aspirations, friendships, self-esteem, or any other typical consequence of a bad reputation' are not sufficient to meet the 'plus' prong of the test." *Cassidy*, 365 F. Supp. 2d at 289 (quoting *Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994)); *see also, e.g*, *Munno v. Town of Orangetown*, 391 F. Supp. 2d 263, 272 (S.D.N.Y. 2005) ("Equally insufficient to implicate the Due Process Clause are conclusory statements that the accusations at issue harmed a future job opportunity or potential promotion."). Nor do Plaintiffs' allegations that they were relieved of their job duties pending

---

[3] Plaintiff cites *Segal v. City of New York*, 459 F.3d 207 (2d Cir. 2006), *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623 (2d Cir. 1996), and *Brandt v. Bd. of Co-Op. Educ. Servs.*, 820 F.2d 41 (2d Cir. 1986) for the proposition that placement of negative evaluations in a personnel file can constitute a sufficiently public statement to create a stigma. (Pls.' Mem. 16-18). In both *Brandt* and *Donato*, however, the Court relied on the fact that prospective employers would likely gain access to the files. *See Donato*, 96 F.3d at 632; *Brandt*, 820 F.2d at 44-45. And in *Segal*, the Court stated only that the "placement of statements in an employee's personnel file may satisfy the contemporaneous public disclosure elements of a stigma-plus claim," citing *Brandt*. 459 F.3d at 213. Here, Plaintiffs do not plausibly allege that the statements are likely to be made public. They state only that a "red flag" was placed next to their names, which prevents them "from being able to successfully find another job as a teacher." (Am. Compl. ¶ 42). They never claim, however, that anyone outside of the DOE can actually see the "red flag," or that the mere presence of the flag is enough to make disclosure of the underlying charges likely.

their hearings and that, after the hearings, they will be placed in the substitute teaching pool suffice. *See, e.g.*, *Patterson v. City of Utica*, 370 F.3d 322, 332 (2d Cir. 2004) (holding that a "two-week hiatus from government employment" does not meet the requirements of a "stigma-plus" claim); *Cassidy*, 365 F. Supp. 2d at 289 ("The fact that Plaintiff firefighters were detailed to other units does not satisfy the 'plus' prong.").[4]

Finally, and in any event, as two other courts in this Circuit and many New York State courts have concluded in cases substantially similar to this one, even if Plaintiffs could show that they had a protected liberty or property interest, they received all the process that they were due. *See, e.g.*, *Thomas*, 2011 WL 1225972 at *10; *Adams*, 752 F. Supp. 2d at 455-56; *Pina-Pena v. New York City Dep't of Educ.*, 2014 N.Y. Slip Op. 30893(U), at *4-5 (Sup. Ct., N.Y. Cty. Apr. 9, 2014) (collecting cases). Under the Due Process Clause of the Fourteenth Amendment, prior to termination, a "tenured public employee is entitled to [no more than] oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Indeed, as the Supreme Court has reasoned, "[t]o require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." *Id.* Here, there is no dispute that those basic requirements were met. (*See* Am. Compl. ¶¶ 29, 36, 39 (admitting that Plaintiffs are entitled to a pre-termination hearing)). That is, although Plaintiffs contend that the notices they received failed to comply with state law, the "alleged deprivations do not affect whether a tenured teacher received 'oral or

---

[4] The Courts' decisions in *Goss v. Lopez*, 419 U.S. 565 (1975), and *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003), upon which Plaintiffs rely, are not to the contrary. In *Goss*, the Court held that a ten-day suspension from school was sufficient to implicate a liberty interest where there was a state-created right to education. *See* 419 U.S. at 573-75. No similar right is at issue here. In *DiBlasio*, the Court did not even consider the "plus factor" issue because the defendants conceded that the requirement had been satisfied. *See* 344 F.3d at 302.

written notice of the charges against him or her, an explanation of the employer's evidence, and an opportunity to present his or her side of the story.'" *Adams*, 752 F. Supp. 2d at 456-57.

For the foregoing reasons, Plaintiffs' federal claims fail as a matter of law and must be dismissed. In light of that result, the Court declines to exercise jurisdiction over Plaintiffs' state law claims, and therefore does not reach the question of whether Defendants violated Section 3020-a. *See* 28 U.S.C. § 1367(c); *see also, e.g.*, *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) (recognizing that if the plaintiff's federal claims are dismissed before trial and there has not been a substantial expenditure of resources on the state claims, state claims should generally be dismissed as well).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, and Plaintiffs' Complaint is DISMISSED in its entirety. The Clerk of Court is directed to terminate Docket No. 18 and to close the case.

SO ORDERED.

Date: December 8, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge

8